# SUPREME COURT.

## KELLOGG agt. OLMSTED AND OTHERS.

The statute (*Session Laws of* 1837, *p.* 537, § 73) requires the heirs of a person
dying intestate to be sued together jointly, and not separately, for a debt
against the intestate. But it does not make them *jointly liable* as *joint
debtors.*

It provides for securing each against the payment of any more than his share.
Each heir is made a debtor for himself, and not for another to the extent of
his equitable proportion of the debt of his ancestor.

Consequently, where a suit was brought against several heirs, some being
served with process and others not. *Held,* that a judgment *in form* could
not be entered against those not served. Nor could they be summoned to
show cause why they should not be bound by the judgment (*Code,* § 136,
375). The judgment as against them, at least, was irregular.

*Albany Special Term, November* 1851. *Motion to set aside
judgment as against the defendants James Johnson and Lois S.
his wife, and S. Franklin Hill and Mary his wife.* The facts
in the case are as follows: John Olmsted being indebted to Cyrus
D. Shelden died seized of real estate which was inherited by his
eight surviving children, of whom Mrs. Johnson and Mrs. Hill
were two—the plaintiff, as assignee of the debt due to Shelden,
brought this action against the heirs to recover his debt against
the ancestor. The summons was served upon five of the heirs,
four of whom were infants. For these a guardian was appointed,
who put in an answer in their behalf. A referee to whom the
cause had been referred reported that there was due to the plain-
tiff $259·51, and the costs were taxed at $62·49. The plaintiff
entered judgment against all the defendants, including those not
served with process, for $319, debt and costs, on the 21st of
August, 1850.

On the 15th of September 1851, the defendants Johnson and
wife were served with a summons, requiring them to show cause
why they should not be bound by the judgment. On the 7th of
October a similar summons was served on Hill and wife. In the
summons the plaintiff claims to recover against these defendants
$79·75 with interest thereon from the time the judgment was

entered. These defendants, by separate motions, ask to have the judgment set aside, as against them with costs.

H. M. RUGGLES, *for Plaintiff*.

GEORGE G. SCOTT, *for Defendants*.

HARRIS, Justice.—The heirs of every person who shall have died intestate, are declared by law to be liable for the debts of such intestate, to the extent of the real estate descended to them (2 *R. S.* 452, § 32). For this liability they must be prosecuted, either in a court of law or equity jointly, and not separately (*Session Laws* 1837, *p.* 537, § 73). In such a suit the amount which the plaintiff is entitled to recover must be apportioned among all the heirs, in proportion to the value of the real estate inherited by them, and such proportion alone shall be recovered of each heir. The costs are to be apportioned and recovered in the same manner (2 *R. S.* 455, § 52, 53). Though they must be sued together the statute creates no joint liability. On the contrary, it specifically provides for securing each against the payment of any more than his share. Each heir is made a debtor for himself, and not for another to the extent of his equitable proportion of the debt of his ancestor. In no sense, therefore, can the heirs be regarded as *joint debtors*.

The plaintiff has proceeded, as he would have been authorized to do if the defendants had been jointly indebted upon contract. It is only in such a case, that a judgment, even in form, may be entered against a party not brought into court. It is only in such a case, that a party not served with process may be summoned to show cause in the manner in which these defendants have been summoned (*Code,* § 136, 375). The defendants in this action, as we have seen, are not jointly liable, and therefore the plaintiff had no right to enter judgment against those who had not been served with process.

Whether the plaintiff had a right under the second sub-division of the 136th section, to proceed against such of the defendants as had been served with the summons, or whether it was necessary to bring them all into court, before he could proceed against any, it is not necessary now to decide. Nor is it necessary now to say whether the plaintiff can yet maintain an independent suit

against the defendants who are not affected by the judgment already entered.   The law is imperative that heirs *shall be prosecuted jointly* and not separately—with such a statute in force, I am not prepared to say that a second action might be maintained.

On the other hand, it might, perhaps, be held that the statute referred to is so far modified by the second sub-division of the 136th section as to sustain the judgment against such heirs as were in fact made parties to the suit.   However, these questions might be determined, this judgment, as against the parties who make this motion, is irregular.   The motion, therefore, must be granted.   The proceedings, as against these parties, subsequent to the judgment, must also be set aside.