## HEIMSTREET v. WINNIE, et al.

1. PRACTICE: FORECLOSURE. While junior and senior mortgagees may properly be made parties to a bill for foreclosure, they are not necessary parties to such a proceeding.

2. SAME. A decree in foreclosure concludes the rights of those incumbrancers only who are parties to the bill.

3. DISMISSAL OF PARTIES. A junior mortgagee named in a bill of foreclosure as a party defendant, may, on the motion of the plaintiff be dismissed, unless he appears and insists upon an adjustment of his rights by the decree. A defendant can not object to an order dismissing the bill as to a co-defendant.

*Appeal from Lee District Court.*

THURSDAY, JUNE 7.

BILL to foreclose a mortgage. The material facts are stated in the opinion.

*Turner & Craig* for the appellant, cited Story Eq. Pl. section 193, note 3, and note 1 on page 227; 3 Iowa 199.

*H. Scott Howell* for the appellee.

LOWE, C. J.—The plaintiff in foreclosing a mortgage in the usual way, against the defendant Winnie, attempted to make some subsequent incumbrancers parties, upon one of whom, Margaret Casad, a non-resident, he failed to obtain service. At the hearing of the cause he proposed and offered to dismiss the petition as to Margaret Casad, and take his judgment against the others in the manner authorized by law. This the court would not permit him to do un-

til the said Casad was duly brought into court by a publication of notice, &c., and this ruling of the court is assigned for error.

It is certainly regular and good practice to make all persons, whether senior or junior incumbrancers, parties in a foreclosure proceeding, for the very plain reason that it gives stability and security to the purchaser's title, prevents a multiplicity of suits, and tends to secure a proper distribution of the proceeds of the mortgage property among the claim-holders, according to the priorities of their several liens. But we are not aware that it has ever been ·held absolutely necessary. It is not essential that prior mortgagees should be made parties, because their interests are not and can not be touched in the suit, and are paramount to the party foreclosing. Nor is the making of subsequent mortgagees parties indispensable, for the reason that the law of foreclosure established by the Code not only does not require it, but section 2088 seems to contemplate that a mortgage may be foreclosed without making them parties. In that case of course they would not be bound by the decree, the general policy of the law being that the interests of no one shall be concluded without giving him an opportunity to assert and protect his rights. Story Eq. Pl. section 164 and 193; 11 Wheat. 304; 3 John. Ch. R. 459, Calvert's Par. in Eq. 128.

In the case of *Richards* v. *Cooper*, 5 Brown 304, the court remarks, " that it is not easy to perceive any very good reason why a subsequent mortgagee should be positively required to be a party, although at the election of the plaintiff he may be properly made a party. It is one thing to allow a subsequent mortgagee to be made a party, and quite another thing to insist that he must be."

But if a junior mortgagee is made a party and actually comes in, we apprehend the petition could not as to him be dismissed against his consent; he could justly insist on an adjustment as well as a protection of his rights. That is not however this case. The objection comes from a party who

has no right to speak for Casad, and the objection, in our opinion, ought not to have been entertained. But the plaintiff should have been permitted to have taken his judgment in the way proposed, and this court must reverse the order made below.

Reversed.