## DONNELLY *et al.* v. RUSCH.

1. FORECLOSURE: PARTIES. A subsequent incumbrancer of the premises mortgaged is a proper, but not a necessary, party to a proceeding to foreclose the mortgage.

*Appeal from Scott District Court.*

FRIDAY, JUNE 12.

The facts are stated in the opinion of the court.

*S. E. Brown* for the appellant.

*Davison & True* for the appellee.

WRIGHT, J.—Mortgage foreclosure. The mortgagee, and certain parties claiming junior liens upon or some interest in the property, including "School District No. 14 of Davenport township of Scott county, Iowa," were made respondents. The bill was filed in July, 1861, and in December afterwards a decree was entered, by consent of all the parties, in accordance with the prayer of the bill, with stay of execution for six months.

In 1862, the mortgagor, one of his subsequent grantees, and "The District Township of Davenport, county of Scott, Iowa," based upon a petition duly verified, moved to set aside the decree of foreclosure: *First,* Because of error in the amount found due on the mortgage; and, *Second,* Because the "District Township" had not been made a party respondent. The motion was overruled, and the respondent (Rusch, the mortgagee), with Erneis (the subsequent grantee), appeal, serving "School District No. 14" with notice.

Complainants acknowledged the mistake in the assessment by the clerk, entered a remittitu; and as to this point, therefore, there is no remaining question.

And as to the other, all possible doubt is removed, from the fact that the motion as to the "Township District" was withdrawn. This being true, the other parties cannot complain that the School District, by its proper corporate name, was not made a party. It is not the "Township District," but the "Sub-district No. 14," which was served

with notice of the appeal, and is therefore deemed to have joined in the appeal. Whether there was a school corporation by that name and style, at the time of instituting this suit, is quite immaterial. If there was, then the proceeding was regular. The decree was by consent, and no step has ever been taken by such corporation to set it aside. If not, then, as " The Township District," which is claimed to be the proper party, never has been in court, is not concluded by the decree, and has had nothing to do with this appeal, we can dismiss, without further consideration, all that is said about the rights of such corporation. The failure to make such "Township District" a party (granting that to be the proper name of the corporation) cannot avail the other appellants. Though a proper, it was not a necessary, party. And especially is this true where the objection comes from the mortgagee, and not the junior incumbrancer or grantee. *Heimstreet* v. *Winnie et al.*, 10 Iowa, 430.

Affirmed.

# CASES

IN

# 𝕷𝖆𝖜 𝖆𝖓𝖉 𝕰𝖖𝖚𝖎𝖙𝖞,

DETERMINED IN THE

# SUPREME COURT

OF THE

## STATE OF IOWA;

DES MOINES, DECEMBER TERM, A. D. 1863.

IN THE EIGHTEENTH YEAR OF THE STATE.

---

PRESENT:

FROM DECEMBER 7 TO DECEMBER 24, 1863,*

Hon. CALEB BALDWIN, Chief Justice.
   "   GEORGE G. WRIGHT,  } Judges.
   "   RALPH P. LOWE,      }

FROM JANUARY 1, 1864, TO THE CONCLUSION OF THE TERM,*

Hon. GEORGE G. WRIGHT, Chief Justice.
   "   RALPH P. LOWE, Judge.

---

* The term of Hon. CALEB BALDWIN terminated on the last day of December, 1863, but he took no part in the determination of causes after the 24th of said month. Hon. GEORGE G. WRIGHT, being senior Judge, became Chief Justice on the 1st day of January, 1864. The term of Mr. Justice DILLON commenced on the same day, but he was not present during the term.