## ANN TENNANT
### v.
## MARY ANN NEAL ET AL.

20   571
108   162
108   168

LIABILITY OF HEIR.—The heir is not personally liable on his ancestor's contracts except to the extent of the assets coming to him from the estate.

ERROR to the Circuit Court of Randolph county; the Hon. WILLIAM H. SNYDER, Judge, presiding. Opinion filed November 24, 1886.

Mr. A. G. GORDON, for plaintiff in error.

Mr. WILLIAM HARTZELL, and Mr. JOSEPH B. SIMPSON, for defendants in error.

GREEN, J. Plaintiff in error brought assumpsit against

Mary Ann Neal, the widow and administratrix, and Mary E. Hume and Martha Henson, the children and heirs of Thomas F. Neal, deceased. The real cause of action is a claim against the estate of Neal for $549.24 in favor of plaintiff, allowed by the county court, July 15, 1877, and the right to recover the amount of it against defendants in this suit is based upon the alleged facts that there were no personal assets of said estate to pay said claim, or any part of it, and defendants inherited, as heirs of Neal, real estate which they owned and controlled. Mary E. Hume was not served with process, and entered no appearance in the court below; the cause was tried by the court and a finding and judgment against plaintiff was rendered, to reverse which this writ of error was sued out. The record shows Mary Ann Neal was appointed on May 17, 1875, administratrix of Neal's estate; the personal assets thereof were insufficient to satisfy her widow's award. The claim of plaintiff against the estate for $549.24 was allowed June 17, 1877, and June 16, 1884, in response to a citation, the administratrix made her final report, showing that plaintiff's claim had not been paid for want of assets, and no assets of said estate remained with which to pay the same; that the inventoried real estate was a homestead, worth less than $1,000, claimed and occupied by the administratrix, as widow of said Neal, and that a balance of $572.90, due her upon her widow's award, remained unpaid. On the same day the county court, by its order, made said balance of $572.90 a lien on said homestead, approved this final report, and discharged the administratrix from further liability in the premises. It was further shown on the trial below, that Neal, at his death, left his said widow and no other children or heirs than Mary E. Hume and Martha Henson, and died seized of no other than said real estate, which he claimed and occupied as his homestead up to the time of his death; and thereafter it was and is claimed and occupied by his said widow as her homestead up to and at the time of the trial. The value of this real estate did not exceed $800, and said heirs had not derived or received anything from said land, or from the estate of their deceased father. On this record plaintiff was not entitled to recover against de-

fendants in error. This was an action against them jointly, and manifestly the administratrix was not liable. She had fully administered, and long before the commencement of this suit had been discharged from all liability as administratrix by a court of competent jurisdiction, and its judgment was conclusive; hence, under plaintiff's declaration, counting against defendants jointly, no recovery could be had, and the judgment of the circuit court was right; moreover, even if the pleadings were so amended as to make Martha Henson sole defendant, we do not think she would be personally liable to the plaintiff, as heir of Neal, under the evidence. The clause relied on to create the liability is Sec. 12, Chap. 59, Starr & Curtis' Stat., providing, "When any lands, tenements, or hereditaments, or any rents or profits out of the same, shall descend to any heir, · * * * and the personal estate of the ancestor of such heir * * * shall be insufficient to discharge the just demands against such ancestor * * * such heir shall be liable to the creditors of his ancestor to the full amount of the lands, etc., or rents and profits out of the same, as may descend to said heir." This statute was not designed to make the heir personally liable for the payment of his ancestor's debts, in cases as in this, where nothing had been or could be derived from the estate by the heir. As has been shown already, nothing remains of this estate but a homestead worth not more than $800, held by the widow rightfully under the law, to her exclusive use, which can not be sold (even subject to the homestead right), to pay debts, and incumbered by a lien to the amount of $572.90, and accrued interest. Under these circumstances, to hold this heir liable to a personal judgment for the amount of plaintiff's claim, would be a violation of the spirit and purpose of the statute, and not in harmony with the decisions of the Supreme Court. The heir can only be chargeable with the debts of the ancestor to the amount of the lands, or rents and profits out of the same, that may have descended to her. Certright v. Stanford, 81 Ill. 240; Grey v. Gerricks, 85 Ill. 429; Ibid. 453; Vanmeter v. Love, 33 Ill. 260. The heir is not personally liable on his ancestor's contracts, except to the extent of the assets coming to him from the es-

tate. Forman v. Stickney, 77 Ill. 576. Having neither sold, aliened, or received any rents or profits from this land, it would have been error to have rendered a personal judgment against her. Branger v. Lucy, 82 Ill. 91. We have refrained from discussing some questions presented in the briefs, touching misjoinder of parties defendant, limitation, and the necessity of having jurisdiction of the heir, Mary E. Hume ; the real controversy being, as we view the case, fully decided and sufficiently discussed. The judgment is affirmed.

Judgment affirmed.