THE STATE *ex rel.* F. W. MULLER, Appellant, v. CHARLES F. POHL *et al.*, Respondents, and MARIA E. BRUNNER, Appellant.

**St. Louis Court of Appeals, April 10, 1888.**

ACTION—LIABILITIES OF HEIRS AND DEVISEES ON ANCESTOR'S BOND. Where a testator dies indebted on bond, a right of action arises to the obligee against an heir not mentioned in the will, to the extent of his or her distributive share in the estate, but not against any devisee.

APPEAL from the St. Louis Circuit Court, HON. SHEPARD BARCLAY, Judge.

*Affirmed.*

E. P. JOHNSON, for the plaintiff appellant: The rule of the common law invoked in behalf of defendant, George L. Brunner—that a devisee takes as purchaser, not as heir, and is, therefore, discharged from liabilities of the ancestor—has no application where the interest devised is the same that the devisee would have inherited, and the devise is void; which is the position of said George L., as the statute made his father's will void as to Maria E., and he took only one-third under it; the same he would have inherited, and, therefore, subject to the liabilities of his father.    2 Washburn on Real Prop. [5 Ed.] top p. 458, side p. 136, sec. 47; 3 *Id.*, top p. 18, side p. 414, sec. 36.; and top p. 578, side p. 699, sec. 41. There was no such rule of the Spanish or civil law.    3 *Id.*, top p. 13, side p. 409, sec. 23; and top p. 578, side p. 699, sec. 41.   The rule of the common law that a devisee took as purchaser, not as heir, at the time of the adoption of the common law in this state, January 19, 1816, was inconsistent with the statutes then in force, making real estate in the hands of an executor or administrator assets for the payment of debts, and the adoption of the common law did not repeal or supersede these statutes, and that rule was not adopted as a portion of the common law.    *Lecompte v. Wash*, 9 Mo. 550, 551. If this rule of the common law was adopted with it, it was repealed by an act approved January 25, 1817, specifically subjecting lands to sale on judgment and execution obtained against the defendant in full life, or the heir, executor or administrator after his death, testate or intestate.    1 Terr. Laws Mo., sec. 5, p. 510.    The heirs take the estate of the ancestor subject to the payment of his liabilities, and they can do nothing to prejudice the right of a creditor in this respect.    *Zoll v. Carnahan*, 83 Mo. 35, 41; *Chambers v. Wright's Heirs*, 40 Mo. 482; *Wolf v. Robinson*, 20 Mo. 459.    The judgment against Charles F. Pohl must necessarily be affirmed, as no question is raised in regard to it by any one, and this judgment is conclusive on the surety and

his heirs, and the court is asked to affirm the judgment against Charles F. Pohl, and correct the judgment against Maria E. Brunner, and make it for one-half the amount, and render judgment against George L. Brunner for the other half. *Stoops v. Wittler*, 1 Mo. App. 420; *State v. Thornton*, 8 Mo. App. 27; *State v. Donegan*, 83 Mo. 374; *Walker v. Deaver*, 79 Mo. 679, 683.

MARTIN, LAUGHLIN & KERN, for the defendant appellant: George Brunner held this property as devisee, and as such under the law as it existed at the time this cause of action accrued in favor of appellant Müller, he could not be held for any debts of his ancestor, George Brunner. *Sauer v. Griffin*, 67 Mo. 654. Our Supreme Court has declared in substance that the heir is not liable except for the share and portion of the ancestor's debts which the share of his inheritance represents. *Metcalfe v. Smith*, 40 Mo. 372; *Pierce v. Calhoun*, 59 Mo. 271. As to the argument in the appeal against George L. Brunner to show that he could be held, we think that question is settled by the decision of *Sauer v. Griffin*, 67 Mo. 654.

ROMBAUER, P. J., delivered the opinion of the court.

George Brunner, now deceased, became surety on the official bond of defendant Pohl as curator for the plaintiff, then a minor, in 1866. In 1878, Pohl was removed from his office as such curator, being then in arrears with his accounts. His arrearages with interest to the date of the judgment herein amounted to $2,339. 81.

The present action was brought by plaintiff against Pohl on such official bond for breaches thereof. The other defendants were joined as representatives of Brunner, the surety, by reason of assets derived from him. Upon a trial had by the court without a jury the plaintiff had a judgment against Pohl for the penalty of the bond and $2,339. 81 damages, for which general execution was awarded. He also had judgment against

Maria E. Brunner for such damages to be levied out of the lands and personalty inherited by her from her father, George. Judgment was rendered in favor of the other defendants.

From the judgment thus rendered the plaintiff appeals, assigning for error that under the admitted facts of the case the court erred in not rendering judgment in his favor against the two other defendants also. Maria E. Brunner likewise appeals, assigning for error that the judgment rendered against her was excessive as she is not chargeable for the whole amount, but only a part thereof proportionate to her inheritance.

Concerning the facts of the case there is no dispute whatever. The question presented for our consideration is a pure question of law dependent upon the following conceded facts :

George Brunner, the ancestor, died in 1870, leaving him surviving : (1) His widow, Elizabeth, who has since died and is represented by the defendant Frank, her administrator ; (2) Katie, a daughter who has since died, leaving as her heirs her mother Elizabeth and her brother and sister hereinafter named ; (3) George L. Brunner, a son, and (4) Maria E. Brunner, a daughter, both defendants in the present action. George Brunner, the ancestor, died testate as to his widow and all his children except Maria. He devised by his will all his real estate to his widow during her widowhood, with remainder over to his son George L. and to his daughter Katie, and bequeathed all his personal estate to his widow. Administration was taken out on George Brunner's estate which was closed in 1874, leaving the real estate intact, and nearly three thousand dollars personalty, for division among his distributees.

Subsequently, in January, 1882, the widow Elizabeth died testate, and devised to her surviving children all her real estate devised to her by her husband, and bequeathed to them the remaining personalty amounting to twelve hundred dollars and more.

The share of Maria E. Brunner in her father's estate is still held by her to a sufficient amount to answer plaintiff's demand in this action.

It will be seen that upon the foregoing facts appearing the trial court took the following view of the law as applicable to the facts: (1) That the interests of Elizabeth, the widow, and George L., the son, in the estate of George Brunner were not chargeable by any action of death upon the bond of their ancestor, because they took as devisees and not as heirs. (2) That the interest of Maria E. Brunner, who took as heir and not as devisee, was so chargeable and was chargeable with the entire amount, because she was the only party who took as heir.

These two propositions are dependent for their validity upon each other; if either of them is correct the other must necessarily be so. If either is incorrect the other cannot stand. Either George L. is an heir, notwithstanding the fact that he is a devisee, and then the assets in his hands should have been subjected to the same burden as those in the hands of Maria, or else he is no heir, and then the judgment against Maria must stand, as she, under the decision, is alone chargeable in an action of debt upon the bond of her ancestor.

Our statute provides: "If any person make his last will and die, leaving a child * * * not named or provided for in such will * * * shall be deemed to die intestate, and such child * * * shall be entitled to such portion of the estate of the testator, real and personal, as if he had died intestate, and the same shall be assigned to it, and all the other heirs, devisees, and legatees shall refund their proportionate part."

It was held in *Burch v. Brown*, 46 Mo. 441, that the true construction of this section of the statute is this: When the testator by will disposes of the entire estate to a stranger in blood, without naming or in any way mentioning his heirs, under the statute of wills, the will is entirely void, but if it disposes of the estate in favor

of such who would take a distributive share in the event the testator died intestate, the devises are not void, but the heirs, devisees, and legatees named will be required to refund to the one not named his proportionate part. So it was held in the preceding cases of *Hill v. Martin*, 28 Mo. 78, and *Chouquette v. Barada*, 28 Mo. 491, that the devises in such a case to part of the children, where others are not named, or provided for, are not void, but only voidable at the instance of those not named, and that those named held their title as devisees, subject to an action for contribution by those not named.

In the case before us, no question is made as to the liability of Maria Brunner as heir. The argument of her counsel concedes that she is an heir, and as such has received sufficient assets by descent and distribution to be answerable to the full extent of plaintiff's recovery, provided the court finds that she is the sole heir. But she contends that even if her co-defendant George L. is a devisee, yet she is answerable only for such share of her ancestor's debt as is in proportion to her inheritance, because he as a devisee shared in the inheritance, and this regardless of the fact whether or no George L. is answerable for a proportionate share.

The rule in this state is as at common law. Where heirs are proceeded against on account of a debt of their ancestor, they are not liable *in solido*, but only *pro rata*, on account of assets descended. *Metcalf v. Smith's Heirs*, 40 Mo. 572. They may be sued jointly, but the judgment must declare the liability of each separately. *Walker v. Deaver*, 79 Mo. 664. The plaintiff has sued all parties jointly, and the court declared Maria liable for the whole debt, on the theory that she was the sole heir. If she is the sole heir, she is unquestionably liable for the whole debt, as it is evident that she cannot be sole heir for the purpose of protecting the devisee George L. from judgment, and at the same time his co-heir for the purpose of paying only half of the debt of his ancestor.

This brings us to the only substantial controversy in the case, namely, whether under all the facts the court

should have rendered judgment against the defendant George L. Brunner likewise. On this branch of the case we regret to say our views as to the construction which the statute should receive, in view of the entire legislation on the subject on the rights of creditors against the decedent's estate after distribution, are opposed by the decision of the Supreme Court in *Sauer v. Griffith*, 67 Mo. 654.

No construction put upon that case can lead to any other conclusion than the one that the devisee is not liable, under the statute, as it stood, in an action of debt upon the bond of his testator, and that, regardless of the fact whether he is the testator's child, or other heir recognized by the statute, or a mere stranger. The only way to subject assets in his hands, as devisee, to the testator's debts, is by statutory proceedings in the probate court.

We concede that this rule applied to cases like the present, where one child holds as devisee and the other as heir, is artificial, and likely to work hardship, but we are bound, under the constitution, by the rulings of the Supreme Court, and are equally precluded from questioning its propriety, and from forcing a distinction between this case and the case of *Sauer v. Griffith*, when, in our opinion, no substantial difference exists. There are cases where courts have treated devisees as heirs, but those are cases wherein the same distribution is provided by the will which is provided by the statute of dissents and distributions.

It results that the judgment of the trial court must be affirmed.

We are informed on argument that one branch of this litigation has gone on direct appeal to the Supreme Court, so that the parties will have an opportunity to have the case of *Sauer v. Griffith* reviewed in that court, and may obtain a modification of the rule more in accordance with the substantial rights of the heir and devisee in a case like the present.

Judgment affirmed. All concur.