## BUSEY v. SMITH et al.

### (Circuit Court, D. Indiana.   March 27, 1895.)

### No. 8,812.

UNITED STATES COURTS—JURISDICTION—AMOUNT IN DISPUTE.
  A statute of Indiana (Rev. St. Ind. 1881, § 2442; Rev. St. 1894, § 2597)
  provides that "the heirs, devisees and distributees of a decedent shall
  be liable, to the extent of the property received by them from such
  decedent's estate, to any creditor whose claim remains unpaid." *Held*,
  that the liability of two or more heirs, devisees, or distributees of a
  decedent under this statute is several, and not joint, and, although
  another statute provides that they may be jointly sued, the United
  States circuit court has no jurisdiction of a suit against them unless the
  liability of each exceeds $2,000.

This was a petition by Mary E. Busey against Hannah Smith, Eliza A. McCarty, Mansford Smith, and Samuel Smith, seeking to subject their shares of the estate of William Smith, deceased, to the payment of a debt claimed to be due the petitioner from said William Smith. Defendants moved to dismiss for want of jurisdiction.

Butler, Snow & Butler, for complainant.

Gould & Eldridge and Elliott & Elliott, for respondents.

BAKER, District Judge.   Motion to dismiss for want of jurisdiction.   The complainant alleges that she is, and for more than five years last past has been, a citizen of the state of Illinois, and that the defendants are citizens of the state of Indiana; that the defendant Hannah Smith is a widow and heir at law of William Smith, deceased, and that the defendants Eliza A. McCarty, formerly Eliza A. Smith, Mansford Smith, and Samuel Smith are the children and heirs at law of said decedent; that William Smith died in Carroll county, in the state of Indiana, in the month of March, 1889; that Samuel Smith and Franklin C. McCarty were duly appointed and qualified as administrators of the estate of the decedent; that as such administrators, under the orders of the circuit court of Carroll county, they sold all of the real estate of which William Smith died seised, and collected and converted all of the decedent's personal estate into money, and paid all the debts and liabilities of said estate; that the administration of the estate was finally settled by the order of said court on January 27, 1891; that, upon such final settlement, there remained in the hands of said administrators, properly applicable to the payment of the debts of the decedent, the sum of $3,099.55, which sum, by the order of said court, was distributed among the defendants, as heirs at law of the decedent; that complainant is the owner of seven notes, copied into the bill, amounting, exclusive of interest, to the sum of $2,446.55, executed by the decedent to Abner H. Bowen, and indorsed to her, which are due and unpaid; that the sum of money so distributed to the heirs of the decedent was and is justly and legally applicable to the payment of the indebtedness due to her upon said notes; that, by an act of the legislature of Indiana, the

heirs, devisees, and distributees of any decedent are liable to the extent of any money received by them from his estate to any creditor whose claim remains unpaid, and who six months prior to the final settlement of the estate was out of the state, provided that suit upon the claim is brought within two years after such final settlement; that complainant was out of the state during said period of time, and has been a nonresident of the state for five years last past, and that she brings this suit within two years after such final settlement; that section 2443, Rev. St. Ind. 1881 (section 2598, Rev. St. 1894), provides that suit upon such claim shall be brought by way of petition, and section 2449, Rev. St. Ind. 1881 (section 2604, Rev. St. 1894), provides that the heirs, devisees, and distributees having received the property may be jointly sued. Prayer that an accounting may be had, and that each of the defendants be decreed to pay into court such part of said sum of $3,099.55 as was received by each of said heirs and distributees separately and severally, to be applied to the payment of the amount found due upon said notes. The defendants severally move the court to dismiss the bill, for the reason that the liability of each, as disclosed therein, is for a less sum than $2,000, exclusive of interest and costs.

The liability of the defendants for the debts of the decedent is purely statutory. By the common law the heir is not liable for the debts of the ancestor. Fisher v. Tuller, 122 Ind. 31, 23 N. E. 523. The obligation upon which the suit against the heirs of William Smith is founded is based, not on the notes made by him, but upon the fact that they have, as his heirs at law, received money from his estate properly applicable to the payment of the debts of the decedent. This is evident from the following section of Rev. St. Ind. 1881 (Rev. St. 1894, § 2597):

"Sec. 2442. The heirs, devisees and distributees of a decedent shall be liable, to the extent of the property received by them from such decedent's estate, to any creditor whose claim remains unpaid, who, six months prior to such final settlement, was insane, an infant or out of the state; but such suit must be brought within one year after the disability is removed: provided, that suit upon the claim of any creditor out of the state may be brought within two years after such final settlement."

The liability of the defendants, as appears upon the face of the bill, read, as it must be, in connection with the foregoing statutory provision, is several, and not joint. There is no joint liability, for the reason that each heir is liable only to the extent of the money or property received by him from the decedent's estate. If one of the heirs should become insolvent, no one of the others can, in any event, be charged beyond the value of the property received by him for the debt of the ancestor.

The section creating the liability just quoted expressly provides:

"The heirs, devisees and distributees of a decedent shall be liable to the extent of the property received by them from the decedent's estate."

And the next section declares:

"And the costs of such suit shall be apportioned among the defendants according to the amount recovered of each of them."

If any doubt existed as to the meaning of the section just referred to, section 2447, Rev. St. Ind. 1881, (section 2602, Rev. St. 1894), is so clear and explicit that it leaves no room for construction or doubt.    It reads:

"No more shall be recovered against any such defendant than his just proportion of any such debt, whether he has become liable therefor on account of real estate or any interest therein, or on account of personal assets, unless the others are beyond the reach of process, or unless, after due diligence, the amount cannot be recovered from the others who are liable with him; in which case he shall be liable therefor to the extent of the real and personal assets received by him."

The heir can in no event be held liable to any greater extent than the amount of real or personal property received by him from the ancestor; nor can he be charged to a greater extent than his pro rata share of the ancestral debt, unless one or more of the other heirs are insolvent or beyond the reach of process.

It is insisted, however, because a suit may be brought jointly against all the heirs, that the complainant may recover a joint and several judgment against all the defendants, and, as the aggregate amount recoverable from them exceeds $2,000, the present bill is within the jurisdiction of the court. This contention seems to be unfounded.    It is necessary to join all the heirs in order to obtain a decree fixing the several liability of each, but this does not vary or enlarge the extent of their several liability.    The obligation of each still remains several, and not joint.    Pothier, in his treatise on Obligations (Evans' Translation, London, 1806, p. 145, par. 261), says:

"An obligation is contracted in solido on the part of the debtors when each of them is obliged for the whole, but so that a payment by one liberates them all."

Clearly, each of the heirs in this case is not liable for the whole debt, and therefore their liability cannot be joint in whatever form the suit may be brought.

The complainant, in her prayer for relief, expressly recognizes that her cause of action against each is several, for she asks that each be decreed to pay the amount received by him.    It is settled that neither codefendants nor coplaintiffs can unite their separate and distinct liabilities for the purpose of making up the amount necessary to give this court jurisdiction.    Henderson v. Wadsworth, 115 U. S. 264, 276, 6 Sup. Ct. 40, and the cases there cited; Rinard v. West, 48 Ind. 159, 162; State v. Pohl, 30 Mo. App. 321; McAllister v. Williams, 23 Mo. App. 286; Tennant v. Neal, 20 Ill. App. 571; Kellogg v. Olmstead, 6 How. Pr. 487, 488; Walker v. Deaver, 79 Mo. 664, 679.

In Walter v. Railroad Co., 147 U. S. 370, 373, 13 Sup. Ct. 348, it is said:

"It is well settled in this court that when two or more plaintiffs, having several interests, unite for the convenience of litigation in a single suit, it can only be sustained in the court of original jurisdiction, or on appeal in this court, as to those whose claims exceed the jurisdictional amount; and that, when two or more defendants are sued by the same plaintiff in one suit, the test of jurisdiction is the joint or several character of the liability to the plaintiff.    This

was the distinct ruling of this court in Seaver v. Bigelow, 5 Wall. 208; Russell v. Stansell, 105 U. S. 303; Trust Co. v. Waterman, 106 U. S. 265, 1 Sup. Ct. 131; Hawley v. Fairbanks, 108 U. S. 543, 2 Sup. Ct. 846; Stewart v. Dunham, 115 U. S. 61, 5 Sup. Ct. 1163; Gibson v. Shufeldt, 122 U. S. 27, 7 Sup. Ct. 1066; Clay v. Field, 138 U. S. 464, 11 Sup. Ct. 419."

The liability of the heirs, as disclosed by the bill, is several, and not joint, by the express terms of the statute on which the right of action is based; and, as the liability of each is less than $2,000, it follows that the court is without jurisdiction. The bill of complaint is therefore dismissed for want of jurisdiction, at the costs of the complainant.