WILSON P. HUNT, Executor of Estate of MARY C. HUNT, Deceased, Respondent, v: JAMES D. LUCAS *et al.*, Appellants.

### St. Louis Court of Appeals, January 19, 1897.

1. **Stock and Stockholders:** ASSIGNMENT OF STOCK: RIGHT OF AS- SIGNOR AGAINST ASSIGNEE FOR REIMBURSEMENT FOR PAYMENT OF FUTURE CALLS: LIMITATION. Where suit was brought by the executor and sole legatee and devisee of the assignor of stock in a Virginia cor- poration, against the heirs of the assignee for reimbursement on account of the payment of a judgment against her for future calls on the stock, assessed under a statute of Virginia, making the assignee and assignor severally liable for any installments accrued or that may accrue after the assignment, to which defendants pleaded in bar of recovery section 6775 of the statute, providing that "an action upon a liability created by a statute other than a penalty or forfeit- ure" will be barred after five years,—Held: That, while the liability of the asssignor for future calls on the stock was purely statutory, his right or that of plaintiff against the assignee or his heirs for reim- bursement was purely contractual; and that, by reason of the assign- ment and the Virginia statute, continuing the liability of the assignor, there arose an implied obligation on the part of the assignee to protect him against such liability, and as there was no demand against defendants until plaintiff paid the debt, and the suit was begun a few days after its payment, there was nothing in the plea of limita- tion.

2. ———: PROLONGATION OF LIABILITY BY LITIGATING. Nor was there any merit in the contention that plaintiff could not prolong defend- ants' liability by litigating the claim against her, since her right to be reimbursed depended upon a legal liability on her part to pay the assessments in suit.

3. ———: PLEA IN BAR OF ACTION: JUDGMENT IN ANOTHER SUIT: RES INTER ALIOS ACTA. The judgment and proceedings in another case to which plaintiff was not a party were as against her *res inter alios acta*, and no bar to her action.

4. ———: WILL, CONSTRUCTION OF: TITLE BY DESCENT, OR DEVISE. Where the same estate passes by the will as would pass by descent, the title to the property by descent takes precedence over that by devise. *State ex rel. v. Pohl*, 30 Mo. App. 321; 4 Kent, s. p. 506.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

AFFIRMED; Judge BOND concurring, Judge BLAND not sitting.

*Clopton & Trembly* for appellant.

The cause of action, if any existed, was statutory, and was barred by statute. Sec. 6775, R. S. 1889; Wood on Lim. [2 Ed.], p. 93.

The judgment of the United States circuit court in *Glenn v. Lucas Heirs* was final, and a complete bar to this action. Leake on Con. [2 Ed.], pp. 76–85, 86; *Adkins v. Barnwell,* 2 East, 505; *Sale v. Blane,* 14 Q. B. 205; 2 Whar. on Con., secs. 750, 765.

Liability of contribution attaches to stockholders at time of default. *McLaren v. Franciscus,* 43 Mo. 466; *Skrainka v. Allen,* 76 *Id.* 384.

Under the will of Jas. H. Lucas, the defendants took as devisees, and not as heirs. *Brinkley's Ex'r v. Hamilton,* 67 Md. 16. See, also, cases *supra,* and *Sauer v. Griffin,* 67 Mo. 654.

*Charles M. Napton* for respondents.

The statute of limitation did not begin to run as between Hunt and Lucas until Hunt was compelled to pay the money which Lucas should have paid. *Hearne v. Keath,* 63 Mo. 89; *Wyatt v. Dunn,* 93 *Id.* 459; *Walker v. Deaver,* 79 *Id.* 664; *Burckhartt v. Helfrich,* 77 *Id.* 370.

Neither Hunt's heirs nor Hunt himself were parties to the action of *Glenn v. Lucas's Heirs,* and their right of action against the Lucases has arisen since the judgment was rendered. *Spradling v. Conway,* 51 Mo. 51;

*Union R. R. v. Traube*, 59 *Id*. 355; *Taylor v. Larkin*, 12 *Id*. 183; *Glenn v. Hunt*, 120 *Id*. 340; *Foote v. Clark*, 102 *Id*. 394.

A transferee of shares steps into the shoes of the prior holder and becomes invested with his rights as a shareholder together with the corresponding liability. 2 Morawetz, sec. 858. See, also, *Id*., secs. 859, 888.

Under the statutes of Virginia the assignor of stock is liable the same as though the stock had not been assigned. *Insurance Co. v. Lumsden*, 75 Va. 327.

*T. K. Skinker* of counsel for respondent.

Until plaintiff had paid the judgment she had no demand against defendants. *Burckhartt v. Helfrich*, 77 Mo. 376; *Hearne v. Keath*, 63 *Id*. 84.

The point made by appellants that plaintiff could not by litigating her liability to Glenn prolong the liability of defendants is without merit. *Hutzler v. Lord*, 64 Md. 534; *Roberts v. Crowe*, L. R. 7 C. P. 629, 637.

By the transfer, and the operation of the Virginia statute, Hunt and Lucas were both bound to pay all calls on the stock, from which there arose an implied obligation on the part of Lucas to indemnify Hunt if the latter should ever have to pay a call. *Glenn v. Hunt*, 120 Mo. 330; *McKim v. Glenn*, 66 Md. 479; *Brinkley v. Hambleton*, 67 *Id*. 167; *Walker v. Bartlett*, 18 C. B. 845; *Johnson v. Underwood*, 52 N. Y. 203; *Brown v. Hitchcock*, 36 Ohio St. 680.

Where the same estate passes by the will as would pass by descent, to subject the holder of the estate to the just claim of creditors they will be held to be heirs rather than devisees. *State ex rel. v. Pohl*, 30 Mo. App. 321, 327; 4 Kent, Com., s. pp. 506, 507; Abb. on Descent, etc., pp. 7, 121, 123.

The obligation assumed by Lucas to indemnify Hunt

survived against Lucas' estate.  *Chase v. Lord*, 77 N.
Y. 1;  *Davidson v. Rankin*, 34 Cal. 503;  *Diven v. Duncan*, 41 Barb. 520;  *Blakley's Ex'rs* case, 3 Mac N. &
Gordon, 726.

BIGGS, J.—Briefly stated the facts out of which
this litigation has arisen are these:  Mary C. Hunt was
the only child of Charles L. Hunt, deceased.  Charles
L. was a stockholder in the National Express and
Transportation Company, a Virginia corporation.  In
1866 the company became embarrassed, and on the
twentieth of September of that year it executed a deed
of trust to certain trustees named, conveying all of its
property and assets to secure its creditors.  Among
its assets was an uncalled liability on its capital stock
amounting to $80 on each share.  The trustees did
nothing, and in consequence one of the judgment
creditors of the company, acting for himself and all
other creditors, instituted a suit in the chancery court
of the city of Richmond, Virginia, against the officers
of the company and the trustees for the purpose of
ascertaining the indebtedness of the concern and for
the removal of the delinquent trustees.  On December
14, 1880, a decree was entered in said cause removing
the trustees and appointing one John Glenn as sole
trustee in their place, and making a call of $30 per
share on all stock.  On the twenty-sixth day of March,
1886, a further call of the remaining $50 per share was
made by the court.  Prior to the failure of the company Hunt sold his stock to James H. Lucas and it
was transferred to Lucas on the books of the company.
A statute of Virginia then in force provides, that
whenever any stock shall be assigned, the assignee and
assignor shall be severally liable for any installments
which have already accrued or which may accrue after
the assignment.  Both Hunt and Lucas died before

the calls were made and the estate of Lucas had been finally settled.    Mary C. Hunt was the executrix and sole legatee and devisee of Charles L. Hunt.    Glenn sued her in the St. Louis circuit court for the amounts due on the stock, and on the fifth day of February, 1892, he recovered judgment against her.    The supreme court affirmed the judgment on the nineteenth day of February, 1894.    At that time the debt amounted to $6,612.91, and the costs to $337.90, all of which Mary C. Hunt paid.    The defendants are the children of James H. Lucas.    Each of them received from the estate of their father money and other personal property of the value of $40,000 or more, and they also inherited from their father real estate of the value of $100,000 or more.    On May 1, 1894, Mary C. Hunt demanded of the heirs of Lucas the amount thus paid by her.    Two of them paid their *pro rata* parts, but the defendants declined to pay.    Thereupon she instituted this suit against them to recover the balance alleged to be due her, and she asked that the amount be decreed as a special lien or charge against certain real estate which the defendants owned jointly and which had descended to them from their father.

As defenses to the action the defendants pleaded *first*, the statute of limitations; *second*, a judgment in their favor in the United States circuit court, wherein Glenn sued them (as the heirs of Lucas) for the amounts due on account of said stock; and, *third*, that under the will of their father the defendants took as devisees and not as heirs.    To this answer there was a reply.    The cause was submitted to the court. There was no dispute at the trial as to the substantive facts of plaintiff's cause of action.    They were admitted to be as above stated.    There was evidence tending to prove the second defense, and in support of the third the will of James H. Lucas was read in evidence.    The

issues were found in favor of the plaintiff, and the amount found to be due to her was $5,979.14. The court apportioned- the amount among the several defendants and determined that the sum of $979.19 was due from each. A separate judgment was rendered for that amount, and against each defendant was made a charge or special lien against his interest in the real estate mentioned in the petition. Each of the defendants applied for and perfected a separate appeal. Their contention is that under all or either of the defenses made the judgment ought to have been for them.

Touching the plea of the statute of limitations the contention is that the plaintiff's cause of action against the defendants (if it ever existed), is barred, as the assessments or calls on the stock were made more than five years prior to the institution of the plaintiff's suit. The section of the statute relied on (R. S. 1889, sec. 6775), provides that "an action upon a liability created by a statute other than a penalty or forfeiture" will be barred after five years. The defendants misconstrue the plaintiff's cause of action, and hence misapply the statute. It is true that the liability of Hunt for future calls on the stock was purely statutory, but his right or that of plaintiff against Lucas or his heirs for reimbursement is purely contractual. By reason of the assignment of the stock and the statute of Virginia which continued Hunt's liability for future calls, there arose by implication an obligation on the part of Lucas to protect Hunt against such liability. The relation existing between them was one of primary and secondary liability. This relation has for its foundation the principle that where two persons are equally liable for a debt, the party in possession of the property out of which the debt arises

ASSIGNMENT of stock: right of assignor against assignee for reimbursement for payment of future calls: limitation.

is primarily liable and if the other is compelled to pay the debt he will have indemnity from the other. *Roberts v. Crowe*, L. R. 7 C. P. 629; *Brinkley v. Hambleton*, 67 Md. 167. It follows that until Hunt or his representative paid the debt there was no demand against the defendants. *Burckhartt v. Helfrich*, 77 Mo. 376; *Hearne v. Keath*, 63 Mo. 84. As this suit was begun a few days after the plaintiff paid the money, it is clear that there is nothing in this defense.

In this connection the further suggestion is made that Mrs. Hunt could not prolong the liability of the defendants by litigating the claim with Glenn. There is likewise no merit in this. She pursued the only safe course, since her right to be reimbursed depended upon a legal liability on her part to pay the assessments. Indeed some of the authorities go so far as to hold that to entitle her to reimbursement it must appear that she paid the money by proceedings *in invitum*. *Hutzler v. Lord*, 64 Md. 534.

<span style="font-variant: small-caps">Prolongation of liability by litigating.</span>

Glenn sued the defendants in the United States circuit court for the purpose of collecting from them the assessments which the plaintiff afterward was compelled to pay. In that action there was a judgment in favor of the defendants. They insist that that judgment is a complete bar to the present action. There are several objections to this. The plaintiff was not a party to that suit, and therefore as against her all of the proceedings are *res inter alios acta*. In this action we have no concern with the liability of the defendants to Glenn. The liability of the plaintiff to Glenn for the unpaid calls and the obligation of the defendants to reimburse her, are the only questions for our consideration. The former is conclusively settled by the decision of the supreme court (*Glenn v. Hunt*, 120 Mo.

<span style="font-variant: small-caps">Plea in bar of action: judgment in another suit: res inter alios acta.</span>

330), and the latter depends upon the disposition made of the last defense. It may be remarked, however, that the plaintiff attempted to interpose the same judgment as a defense against the suit of Glenn, and the supreme court held that the plea was of no avail to her. If she could not use the judgment against Glenn who was a party to it, much less should the defendants be allowed to use it against her.

It is urged that under the will of James H. Lucas the defendants took as devisees, and not as heirs, and that as Lucas died before the amendment of our present statute (R. S. 1889, sec. 8839, R. S. 1879, sec. 3944), making devisees answerable to the same extent as heirs on the covenant of their testator the defendants are not liable in this action. The common law rule is that a devisee is not bound by the covenants of his devisor, and that therefore the lands devised to him can not be reached in his hands by the covenantees. In this respect he occupies a much more favorable position than the heir who is answerable to the extent of assets descending to him. This was declared to be the rule in this state prior to the revision of 1879 (*Sauer v. Griffin*, 67 Mo. 654). But this principle finds no application here, since in our opinion the defendants take as heirs and not as devisees. Omitting the formal parts and the second paragraph which is not pertinent, the will reads as follows: "First, I repeat the expression of my purpose and intention contained in a former will that none of my eight children be charged in the division of the property I may leave at my death with any advancements made to them or any of them in my lifetime, whether made in money or property, but that the estate to me belonging at my decease be distributed among my widow and children, as if up to that time none of my children had received any

<span style="font-variant: small-caps">Will, construction of: title by descent or devise.</span>

advancements, or as if all of them had received equal advancements." It is clear that the will leaves the estate to be distributed according to the statute, for it provides for no other or different mode. It is true that the children are not to account for advancements, but it is nowhere stated in the will that advancements had or would be made, and there was no evidence on that subject. That the children received equal shares is due to the statute. As suggested by counsel if the statute had been that the oldest son should receive a double share, the estate would have been so distributed. This construction brings the case within the operation of the well recognized common law rule that if the same estate passes by the will as would pass by descent, the title to the property by descent will take precedence over that by devise. In other words the devise is regarded as being void. This rule was established in the interest of the creditors of the testator who otherwise might lose their debts. *State ex rel. v. Pohl*, 30 Mo. App. 321; 4 Kent, s. p. 506.

There are one or two other points in the briefs which we will not discuss, as the result would not be different. Therefore the judgment of the circuit court will be affirmed. Judge BOND concurs; Judge BLAND not sitting.