JOHNSON et al. v. CULBERTSON et al.

(Circuit Court, D. Indiana. March 6, 1897.)

EQUITY JURISDICTION—SUIT AGAINST DISTRIBUTEES.

Where a creditor has a claim against a deceased debtor, whose estate has been settled and distribution thereof made, he must pursue his remedy against the distributees by a bill in equity, notwithstanding the liability is one which must have been pursued against the decedent at law.

On Application for Rehearing.

Hord & Perkins and Keatinge, Walradt & Miller, for plaintiffs.
Addison C. Harris, for defendants.

BAKER, District Judge. It is the general doctrine that, to reach the equitable interest of the debtor in real estate by a suit in chancery, the creditor must first reduce his claim into judgment in an action at law; and, to obtain assistance in equity as to personal property, both a judgment and an execution returned nulla bona must be shown. There exists, however, a well-established exception to this rule, where the debtor is deceased, and the satisfaction of the creditor's demand is sought to be charged upon assets of the decedent which have come into the hands of an heir, devisee, or legatee. The history and growth of this equitable jurisdiction is learnedly traced in the opinion of Chancellor Kent in the case of Thompson v. Brown, 4 Johns. Ch. 619. This exception is recognized and applied by the supreme court of this state in Sweny v. Ferguson, 2 Blackf. 129; Kipper v. Glancey, Id. 356; and O'Brien v. Coulter, Id. 421. In Williams v. Gibbes, 17 How. 239, 254, 255, the supreme court say:

"Now, the principle is well settled, in respect to these proceedings in chancery for the distribution of a common fund among the several parties interested, either on the application of the trustee of the fund, the executor or administrator, legatee or next of kin, or on the application of any party in interest, that an absent party, who had no notice of the proceedings, and not guilty of willful laches or unreasonable neglect, will not be concluded by the decree of distribution from the assertion of his right by bill or petition against the trustee, executor, or administrator, or, in case they have distributed the fund in pursuance of an order of the court, against the distributees. David v. Frowd, 1 Mylne & K. 200; Greig v. Somerville, 1 Russ. & M. 338; Gillespie v. Alexander, 3 Russ. 130; Sawyer v. Birchmore, 1 Keen, 391; Shine v. Gough, 1 Ball. & B. 436; Finley v. Bank, 11 Wheat. 304; Story, Eq. Pl. § 106; Wiswall v. Sampson, 14 How. 52, 67."

On page 256 the court quote approvingly the observations of Sir John Leach in David v. Frowd, supra, as follows:

"That if a creditor does not happen to discover the proceedings in the court until after the distribution has been made, by the order of the court, amongst the parties having, by the master's report, an apparent title, although the court will protect the administrator who has acted under the orders of the court, yet, upon a bill filed by this creditor against the parties to whom the property has been distributed, the court will, upon proof of no willful default on the part of such creditor, and no want of reasonable diligence on his part, compel the parties defendants to restore to the creditor that which of right belongs to him."

In Board of Public Works v. Columbia College, 17 Wall. 521, 530, the supreme court say:

"The jurisdiction of a court of equity to reach the property of a debtor justly applicable to the payment of his debts, even when there is no specific lien on the property, is undoubted. It is a very ancient jurisdiction, but for its exercise the debt must be clear and undisputed, and there must exist some special circumstances requiring the interposition of the court to obtain possession of and apply the property. Unless the suit relate to the estate of a deceased person, the debt must be established by some judicial proceeding, and it must generally be shown that the legal means for its collection have been exhausted."

These cases seem clearly to show, unless the statute of this state is influential to change the rule, that where a creditor has a claim against a deceased debtor, whose estate has been settled and distribution has been made, he may, and, indeed, must, pursue his remedy against the distributees by a bill in equity. The statute of this state, as I view it, contemplates an equitable suit. Busey v. Smith, 67 Fed. 13. The ancient and inherent jurisdiction of courts of equity in matters of this nature remains unaffected by our statute. Numerous cases have been cited which clearly show that liabilities of the character which existed against the decedent in this case must be prosecuted at law, but the fact that the liability was one which must have been pursued at law against the decedent does not yield any support to the contention that an action at law can be maintained when brought against the distributees of the decedent to charge them with the ancestral debt on the ground that they have received the ancestral property. The distributees take and hold the ancestral property charged with an implied trust that it may be devoted, under the circumstances pointed out by the statute of this state, to the satisfaction of ancestral debts. Payson v. Hadduck, 8 Biss. 293, Fed. Cas. No. 10,862. In Gould v. Hayes, 19 Ala. 438, it was held that the original jurisdiction in equity was not affected by the statutory jurisdiction conferred on the probate court and other similar tribunals, except where there are words of prohibition or restriction in the statute conferring jurisdiction on such courts. The application for a rehearing will be denied.