### Foval v. Benton.

1. *Mortgage Foreclosure—Prior and Subsequent Mortgagees—Parties.* —When a prior mortgagee is made a party to a foreclosure suit by a second mortgagee, there should be a distinct allegation in the bill, of the purpose

Foval v. Benton.

for which prior mortgagee is brought in, and if it is intended to assert the invalidity of the prior mortgage, or that for any reason it should be subordinated to the second mortgage, there should be an averment of the facts relied upon, so that an issue may be made up on the pleadings. Under the general allegation that a party has, or claims to have, some interest in the mortgaged premises or some part thereof, as purchasers, mortgagees, or otherwise, which interests, if any, accrued subsequent to the lien of the complainant's mortgage, the party holding the prior mortgage is not bound to set up his rights in respect thereto, and is not affected by a decree taken *pro confesso* against him.

Memorandum.—Mortgage foreclosure in chancery. Appeal from a decree rendered by the Circuit Court of Calhoun County; the Hon. George W. Herdman, Circuit Judge, presiding. Heard in this court at the November term, A. D. 1892, and affirmed. Opinion filed March 6, 1893

The opinion of the court states the case.

## Appellant's Brief.

A decree *pro confesso* binds the party to an admission of everything properly alleged in the bill. And a prior adjudication between the same parties is conclusive, not only as to matters actually determined, but as to every other thing which might have been, by the exercise of reasonable diligence, submitted for adjudication in the same suit. Garrick v. Chamberlain, 97 Ill. 620; Hawley v. Simons, 102 Ill. 115.

A mortgagee may make prior incumbrancers parties to a suit in foreclosure, and have a decree for a sale of the land free from all incumbrances. Hilliard on Mortgages, Vol. 2, Sec. 60; Vanderkemp v. Shelton, 11 Paige (N. Y.) 28.

By her default and the decree against her, appellee is now equitably barred and estopped from this foreclosure. Jones on Real Estate Mortgages, Sec. 1441; Dawson v. Danbury Bank, 15 Mich. 489; Diekerman v. Lust, 66 Iowa, 444; First Nat. Bank v. Salem Cap. Flour Mills Co., 31 Fed. Rep. 580.

The judgment is conclusive between the same parties and their privies upon all matters embraced within the issue in the action, whether the issue was joined by the defendant or left unanswered. Jones on Real Estate Mortgages, Sec. 1439; Goebel v. Iffla, 18 N. E. Rep. (N. Y.) 649.

E. A. PINERO and WITHERS & RAINEY, attorneys for appel-·lant.

### APPELLEE'S BRIEF.

Possession is notice to all the world of the occupant's claim to real property. McConnel v. Reed, 4 Scam. 117; Williams v. Brown, 14 Ill. 200; Cowen v. Loomis, 91 Ill. 132; Conner v. Goodman, 104 Ill. 365.

The actual occupancy of premises is notice equal to the record of the deed, or other instrument, under which the occupant claims, and a subsequent purchaser takes subject to whatever right, title or interest such occupant may have. Coari v. Olsen, 91 Ill. 273; Stagg v. Small, 4 Brad. 192; 95 Ill. 39; Brainard v. Hudson, 103 Ill. 218; Rupert v. Mark, 15 Ill. 546; Prettyman v. Wilkey, 19 Ill. 235.

The open and visible possession of premises is sufficient to charge a purchaser with notice of a legal or equitable claim of the occupant. Brown v. Gaffney, 28 Ill. 149; Mc-Connel v. Reed, 4 Scam. 117.

Fraud is never presumed, and in all business transactions good faith is presumed until the contrary is shown. The evidence must sustain the allegations of fraud. Wood v. Moore, 7 Brad. 134; Johnston v. Worthington, 8 Brad. 322; Shinn v. Shinn, 91 Ill. 477; Jones on Mortgages, Sec. 1439.

F. M. GREATHOUSE, solicitor for appellee.

OPINION OF THE COURT, *the Hon. George W. Wall, Judge.*

This was a bill to foreclose a mortgage given by Herman Stahl and wife to the appellee, to secure payment of a debt of $1,000, evidenced by the promissory note of said Stahl, dated November 25, 1882, payable to the appellee five years after date. The bill also sought to correct a mistake in the description of the property.

The appellant, Foval, who was made a party defendant, set up a defense that he had acquired a title to the property under a sale on execution against the mortgagor, sub-·sequent to the complainant's mortgage, and also by the foreclosure of a mortgage given by said Stahl and his wife, to one Arnold.

The last named mortgage was executed a few days subsequent to that of the complainant, but it is insisted that the decree rendered in the suit to foreclose it, to which the complainant was made a party, is a complete bar of all rights of the complainant in the premises.

The bill to foreclose the second mortgage was brought by the mortgagee, Arnold, but by amendment it appeared that Foval had become the assignee of the debt and security, and he was therefore substituted for Arnold as complainant. Said bill made the mortgagors, and the appellee and other persons, parties defendant, and as to the appellee and all the other defendants except the mortgagors, it alleged that they had, or claimed to have, some interest in the mortgaged premises, or some part thereof, as purchasers, mortgagees or otherwise, which interests, if any, had "accrued subsequent to the lien of the said mortgage of your orator, and are subject thereto."

The appellee made no answer to said bill, and a decree *pro confesso* was rendered as to her. A sale followed, at which appellant, Foval, became the purchaser, and he subsequently obtained a master's deed for the premises.

The question is, whether that proceeding is a bar to the rights of appellee.

She held the prior mortgage, and when the bill to foreclose the Arnold mortgage was filed, and when the decree in that case was rendered, her debt was not due.

She was not a necessary party in that case, nor indeed was she a proper party.

The only decree that could have been rendered if the question had been raised as to her rights, would have been to sell subject to her incumbrance.

Had her claim been payable, the entire estate might have been sold with her consent, and the proceeds divided according to the priority of the respective incumbrances. In that case she would have been a proper party.

When the prior mortgagee is made a party to a foreclosure suit by a second mortgagee, there should be a distinct allegation of the purpose for which he is brought in, and if

it is intended to assert the invalidity of the first mortgage, or that for any reason it should be subordinated to the second, there should be an averment of the facts relied on, so that an issue thereon may be made up by the pleadings. Under the general allegation in the bill in this instance, the appellee was not bound to set up her prior incumbrance, and her rights in respect thereto were not affected by the decree. She was not barred by that proceeding and might proceed to foreclose when her mortgage became due. Jones on Mortgages, Sec. 1439 *et seq.*; Lewis v. Smith, 9 N. Y. 502; Straight v. Harris, 14 Wis. 509; Bd. Sup'rs v. M. P. R. R., 24 Wis. 93; Freeman on Judgments, Sec. 303.

The court properly ruled on this point.

A question is made also as to the correction of the description.

It is alleged that the proper description is lot No. 11, in the town of Brussels.

The description given is by metes and bounds. It does not seem to have been controverted by the pleadings that it was the intention to place the mortgage on said lot No. 11. There was a brick house on the property built by Stahl before the execution of the mortgage, and the appellee was in possession thereof at the time Foval acquired the Arnold mortgage and remained in such possession up to the time of the filing of the bill in this case. Foval had abundant notice of such possession and was necessarily affected thereby. Moreover the Arnold mortgage described the property by metes and bounds substantially the same as in the appellee's mortgage, and in the bill to foreclose that mortgage it was also averred that the description was incorrect, that it was intended to cover said lot No. 11, and prayed for a correction of the error.

The point now made by appellant in this respect must also be overruled.

It is further urged on behalf of appellant that the mortgage held by appellee was fraudulent in that it was given without consideration. The proof on this point is very clearly with appellee.

It is not deemed necessary to discuss the evidence in detail.

After a careful consideration of it, we are satisfied with the conclusion reached by the Circuit Court that the debt which the mortgage was given to secure was *bona fide* and was unpaid.

No other objections are presented by the appellant. We are of opinion the decree is responsive to the equities of the parties and that it should be affirmed.