### Hibernian Banking Association et al. v. Robert H. Law, Adm., etc., et al.

1. FORECLOSURE—*Owners of Prior Liens Not Necessary Parties.*—In foreclosure proceedings the owners of a prior mortgage or trust deed are not necessary parties.

2. SAME—*Prior and Subsequent Incumbrances.*—In foreclosure proceedings, where there are prior incumbrancers who are parties to the suit, the proper decree to be entered is for a sale of the premises subject to such prior incumbrances.

3. APPELLATE COURT PRACTICE—*Assignment of Cross-Errors.*—A party can not assign cross-errors which relate to proceedings before the master where there is no basis in the record for such assignment, it not appearing that he made any objection before the master or filed any exceptions in the court below.

Foreclosure.—Error to the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in this court at the October term, 1899. Affirmed in part and reversed in part with directions. Opinion filed February 26, 1900.

FREDERIC S. HEBARD and DENT & WHITMAN, attorneys for plaintiffs in error.

JOHN W. SMITH and JOHN W. ELLIS, attorneys for defendants in error.

Taylor & Martin, attorneys for defendants in error Robert H. Law, Adm'r, and Elizabeth Ware, Adm'x, etc., and the heirs at law of Robert Law, deceased.

Mr. Justice Adams delivered the opinion of the court.

May 1, 1893, Peter J. O'Connor executed his promissory note of that date, payable one year after date, to Robert Law or order, for the sum of $9,440.84, with interest at the rate of six per cent per annum. At the same date, and to secure payment of the note, he executed to Robert Law a mortgage of certain real estate in Cook county, Illinois. Robert Law filed a bill to foreclose this mortgage, making O'Connor, plaintiffs in error and others defendants, alleging that the defendants, other than O'Connor, claimed some interest in the premises. Plaintiffs in error answered the bill, averring that their rights in the premises were acquired under a mortgage executed by O'Connor and recorded in the office of the recorder of deeds of Cook county, November 16, 1888, and a trust deed executed by O'Connor and wife and recorded in said office, December 9, 1891. A replication was filed to the answer of complainants in error, and the cause was referred to the master to take proofs and report the same to the court, with his opinion on law and evidence. The master reported, among other things, as follows:

" That the premises in question were subject to the lien of the mortgage given by defendant, Peter J. O'Connor, to William A. Passavant, November 13, 1888, recorded November 16, 1888, which mortgage was given to secure three promissory notes, each for $1,000, payable to said Passavant in one, two and three years after date, with interest at six per cent per annum, payable yearly, on the 13th of November in each year. That said mortgage was a first and prior lien on the premises, and that the lien of each and all the mortgages and trust deeds referred to later in the report were subsequent and subject to said mortgage to said Passavant, and that the Hibernian Banking Association was the legal holder and owner of the notes and mortgage so given to said Passavant. That the same premises were subject to the lien of the trust deed executed by the

defendant, Peter J. O'Connor and Ann, his wife, to Hemp-stead Washburne, as trustee, November 24, 1891, recorded December 9, 1891, given to secure certain payments by said Peter J. O'Connor, according to the condition of a certain bond of the Hibernian Banking Association, obligee, bearing even date with said trust deed in the sum of $10,000, which bond was owned by the said association; and that said trust deed was a lien on the premises aforesaid, subsequent and subject only to the lien of the mortgage aforesaid so given to said Passavant. That said association did not seek to foreclose either said mortgage or said deed of trust in this proceeding, but had proved the same for the purpose of establishing the priority of the liens thereof upon said premises against and over the trust deeds and mortgages described later in this report. That the deed of trust and mortgage so held by the Hibernian Banking Association were prior liens for amounts as follows:

The said trust deed for the amount of............$6,800
The said mortgage for......................... 3,000

An aggregate of...............................$9,800
without interest to the date of the report, that having been waived."

The master also found the amount due Law in respect of the mortgage sought to be foreclosed, and recommended as follows:

"I find and recommend that, subject to the lien of the trust deed and mortgage, respectively, held by the Hibernian Bank Association, as aforesaid, a decree of foreclosure and sale should be entered in said cause in favor of the complainant, Robert Law, and against said lots," etc.

The court confirmed the master's report.

The decree, after ordering a sale of the premises, contains the following:

"And the defendants in the case, and all persons claiming under them, or either of them, shall be forever barred and foreclosed from all equity of redemption and claim of, in and to the said premises, and every part and parcel thereof, which shall have been sold, as aforesaid, and which shall not have been redeemed according to law."

Counsel for plaintiffs in error contend that this part of the decree is erroneous, in that it disregards the evidence

as stated in the master's report, and also the master's findings and recommendations, and apparently subordinates the prior liens of the mortgage and trust deed set up in the answer of plaintiffs in error, to the lien of the subsequent mortgage from O'Connor to Law.

The priority of the liens of the former trust deed and mortgage is not disputed by counsel for defendants in error. When they were put in evidence before the master, no objection was made by Law's solicitor. On the contrary, he stated that he made no issue in regard to them.

Counsel for defendants in error say that the owners of the prior mortgage and trust deed were not necessary parties. This is true. However, the complainant made them parties, in which there was no impropriety, on the hypothesis that it was not known to him at the time of filing the bill what their interest was. But when the complainant ascertained by their answer and the evidence taken before the master, that their liens were prior to his, instead of dismissing the bill as to them, or taking a decree expressly subject to their prior liens, he took a decree which, in terms, bars them from all claim of, in and to the mortgaged premises. In Heimstreet v. Winnie et al., 10 Ia. 430, it is said that while it is not necessary to make prior incumbrancers parties, it is good practice to do so; and in Standish v. Dow, 21 Ia. Ib. 363, it was held that such a decree as the present creates a cloud on the title of a prior incumbrancer, a party to the bill, which a court of equity may be called on to remove. Ib. 369.

We are of opinion that the part of the decree quoted, *supra*, is a cloud on the title of plaintiffs in error, if nothing more, and is for that reason erroneous.

Counsel for defendants in error claim that the decree relates only to such rights as are inferior to those of the complaint in the bill, and not at all to superior or prior rights, but while this may be true, as a legal proposition, and might be so adjudicated in a proper proceeding, yet we do not think it a sufficient answer to the objection that the decree is a cloud on the title of plaintiffs in error. The

plaintiffs in error, in answer to the bill, set up the prior trust deed and mortgage, produced them in evidence before the master, as is shown by the master's report, which is matter of record, and the master recommended a decree of sale in favor of the complainant, subject to the prior mortgage and trust deed, yet the court rendered a decree which is broad enough, in terms, to cut off the claims of plaintiffs in error under the trust deed and mortgage.

Counsel for defendants in error cite Buzzel v. Still, 63 Vt. 490, McComb v. Spangler, 71 Cal. 418, and Foval v. Benton, 48 Ill. App. 638.

In none of these cases did it appear that the prior incumbrancer answered and set up his interest; on the contrary, in each of the cases the prior incumbrancer made default and the decree was *pro confesso* as to him. The cases, however, well illustrate the proposition that such a decree as that in the present case creates a cloud, because in each case it was contended that a prior decree of foreclosure in favor of a subsequent incumbrancer, cut off and barred a prior incumbrancer who was a party defendant to the prior bill. In Foval v. Benton, *supra*, the court, speaking of a prior incumbrancer, say :

" The only decree that could have been rendered, if the question had been raised as to her rights, would have been to sell subject to her ' incumbrance.' "

Counsel for defendants in error have assigned cross-errors, all of which relate to proceedings before the master; but there is no basis in the record for such assignment, it not appearing that defendants in error made any objection before the master or filed any exception in the Circuit Court. Jewel et al. v. Rock River Paper Co., 101 Ill. 57, 68; Springer v. Kroeschell, 161 Ill. 358, 370. The error complained of by plaintiffs in error can be remedied by merely dismissing the bill as to them. Therefore, the decree, in so far as it purports to bar plaintiffs in error from all claims of, in and to the premises is reversed, and in all other respects it is affirmed, and the cause is remanded with directions to dismiss the bill as to plaintiffs in error. Affirmed in part and reversed in part with directions.