## Maurice R. Bortree v. Mary F. Macon.

### Gen. No. 11,804.

1. FORECLOSURE—*when decree in, erroneous.* A decree entered for the foreclosure of a second trust deed is erroneous which provides that the defendants be barred and foreclosed from all equity of redemption in case of the sale of the mortgaged premises; the decree should provide for sale subject to the encumbrance created by the prior trust deed.

2. SOLICITOR'S FEE—*when allowance of, erroneous.* The allowance of a solicitor's fee upon overruling a demurrer is erroneous and unauthorized by statute.

3. COSTS—*what are not, within meaning of statutes.* Solicitor's fees do not come within the statutory definition of costs.

Foreclosure proceeding. Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1904. Reversed and remanded. Opinion filed June 2, 1905.

**Statement by the Court.** Appellee filed a bill in the Circuit Court against Maurice R. Bortree and Sam. R. Hurford to foreclose a trust deed in the nature of a mortgage executed by Bortree to secure his promissory note for $500, dated September 16, 1900, payable five months after date, "with interest thereon at the rate of six per cent per annum, payable annually." It is further stated in the note that the same is secured by a trust deed on real estate "and is to bear interest at the rate of six per cent per annum after maturity." The trust deed was recorded September 16, 1900.

Hurford in his answer to the bill set up that he was the trustee in a prior trust deed recorded July 30, 1887, given by Bortree to secure his note for $1,350, upon which $1,500 was due. Bortree demurred to the bill. The court overruled his demurrer as frivolous and filed for delay only and ordered "that an additional fee of twenty-five dollars to that stipulated in said mortgage be taxed against the defendant Bortree and that the master shall so tax the same," and referred the cause to a master to take and report proofs, etc. The master in his report found that there was due on the

mortgage note $540, to which was added a solicitor's fee of $50 as provided in the trust deed, and $25 the additional solicitor's fee ordered to be taxed by the court, making a total of $615. He also found the amount due on the Hurford trust deed and that said deed was recorded August 1, 1887.

Bortree filed objections to the finding as to the $25 additional solicitor's fees and as to the finding of the amount due complainant, which were overruled by the master. Upon the coming in of the report it was ordered that said objections stand as exceptions before the court and the same were overruled. The court in the decree allowed complainant the solicitor's fee of $50 and "the further sum of $25 additional attorney's fee taxed by the court," found the amount due complainant and decreed that unless the same was paid by the "defendants Bortree and Hurford or some of them," said mortgaged premises be sold, etc., "And the defendants in this cause and all persons claiming under them or either of them shall be forever barred and foreclosed from all equity of redemption and claim of, in and to said premises," etc.

From this decree this appeal is prosecuted.

F. S. BAIRD, for appellant.

HAMMOND & MACON, for appellee.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

The decree that the defendant Hurford be barred and foreclosed from all equity of redemption, etc., in case of a sale of the mortgaged premises under the decree in favor of complainant was erroneous. The decree should have provided for a sale subject to the encumbrance created by the prior trust deed in which Hurford was trustee. Hibernian Banking Ass'n v. Law, 88 Ill. App., 18.

The order that a solicitor's fee be taxed against the defendant Bortree upon the overruling of his demurrer to the bill was unauthorized and erroneous.

Section 10, Chapter 33 R. S., provides that "If in any

action judgment upon any demurrer, by either party to the action, shall be given against the plaintiff or demandant, the defendant shall recover costs against the plaintiff or demandant. If such judgment be given for the plaintiff or demandant, he shall recover costs against the defendant, and the person so recovering costs shall have execution for the same." Section 18 of the same chapter provides that in all cases in chancery except when the complainant dismisses his bill or the same is dimissed for want of prosecution, if not otherwise directed by law, "it shall be in the discretion of the court to award costs or not." But these statutes do not give to the court power or authority to allow and tax an attorney's fee as costs except when the statute provides that it may be done.

In Constant v. Matteson, 22 Ill., 546, which was a bill to foreclose a chattel mortgage, Mr. Justice Walker said (p. 560): "The court below erred in allowing Matteson a solicitor's fee to be taxed on the fund as costs in the case. The statute regulating fees of officers provides for no such fee as that of an attorney or solicitor; and the court must in taxing and allowing costs look to the statute as its warrant of authority. While the Court of Equity has a discretion in awarding costs in Chancery causes, it must confine that discretion to the fees allowed by the statute."

It was held in Conwell v. McCowan, 53 Ill., 363, error to allow a solicitor's fee in a proceeding to foreclose a mortgage on real estate, on the ground that it was not a statutory fee or charge. In Campbell v. Campbell, 63 Ill., 502, it was held error to allow a solicitor's fee in a partition suit when the decree was entered prior to the statute of 1869, which provides for solicitors' fees in such cases.

In Cooper v. McNeil, 9 Ill., App., 97, which was a bill for an account of partnership transactions it was said (p. 99): "It was error for the court to give an attorney's fee. No statute authorizes such a fee. The discretion of a court of equity in awarding costs must be confined to the fees allowed by statute."

The court properly held that the note in question bore interest from date, not from maturity. A note bearing "in-

8

terest at the rate of six per cent per annum" bears interest from date. Mobley v. Darega, 16 S. C. 73, 42 Amer. Rep., 632.

The decree of the Circuit Court will be reversed and the cause remanded for further proceedings in accordance with the views herein expressed.

*Reversed and remanded with directions.*