JULIUS J. ROHRHOF

*v.*

HENRY J. SCHMIDT *et al.*

*Opinion filed December 20, 1905.*

1. MORTGAGES—*what makes a prima facie case on foreclosure.*
Where a foreclosure bill alleges the indebtedness, the making of the
trust deed conveying a fee simple title and that the title passed by
*mesne* conveyances to the defendant, who answers admitting owner-
ship and possession, proof of the trust deed conveying a fee simple
title and of a default in its terms makes a *prima facie* case, and war-
rants a decree of foreclosure where the defendant offers no evidence
in rebuttal thereof.

2. APPEALS AND ERRORS—*action not objected to cannot be as-
signed as error.* One who deems a proposed action of the court
injurious to his interests should object thereto, obtain a ruling and
preserve an exception, and cannot sit by and permit such action
without objection and then assign the same as ground for reversal.

3. SOLICITORS' FEES—*when allowance of $200 solicitor's fees is
proper.* An allowance of $200 as a solicitor's fee, on foreclosing a
trust deed providing for such amount, is proper, where there is evi-
dence that the same was a reasonable fee and no evidence is offered
to the contrary.

APPEAL from the Branch Appellate Court for the First
District;—heard in that court on appeal from the Superior
Court of Cook county; the Hon. JESSE HOLDOM, Judge, pre-
siding.

HARRISON D. PAUL, for appellant.

GEORGE W. BARKER, for appellees.

Mr. JUSTICE WILKIN delivered the opinion of the court:

On May 28, 1903, appellee Henry J. Schmidt filed his
bill in the superior court of Cook county against appellant,
Julius J. Rohrhof, and others, to foreclose a certain trust
deed executed on March 31, 1897, by Robert Grosser and
Maria Grosser, his wife, to John C. Ahrensfeldt, as trustee,

to secure the payment of $2500. After several amendments had been made to the bill, and upon answer being filed by Rohrhof, the cause was referred to the master to take the evidence and report the same together with his conclusions of law and fact. The master's report recommended a decree in accordance with the prayer of the bill. Objections were filed to the report, which were overruled, and they were renewed as exceptions in the superior court. The exceptions were overruled and a decree of foreclosure entered. An appeal was perfected to the Appellate Court, where the decree was affirmed, and a further appeal has been prosecuted to this court.

Appellant became the owner of the real estate in controversy by *mesne* conveyances from Robert and Maria Grosser, the grantors in the original trust deed. It is first insisted that the bill does not allege, nor the proof show, that Robert and Maria Grosser were the owners in fee simple of the property at the time they executed the trust deed, or that they had any right to make the encumbrance, or that appellant acquired any title or interest from them, or that the title of appellant was not acquired from an entirely different and superior source, so as to render it prior to the trust deed.

The bill alleges that on March 31, 1897, Robert and Maria Grosser being indebted in the sum of $2500 executed their notes for the same; that to secure the payment of these notes they executed a deed of trust to John C. Ahrensfeldt, conveying to him in fee simple the real estate in controversy; that on December 31, 1899, Robert and Maria Grosser, by a warranty deed, conveyed their interest in the premises to Ulysses B. Kellogg; that by *mesne* conveyance the title finally vested in the appellant, Julius Rohrhof, who was the owner at the time the bill was filed. The answer of Rohrhof admits he was the owner of the premises at the time the bill was filed and was occupying the same as his homestead. Upon the hearing before the master the trust deed, duly acknowledged by the grantors, was offered in evidence con-

veying and warranting the fee simple title in the premises. Proof was made of the default of the conditions in the trust deed. Those allegations of the bill, the admission of the answer and the proof offered were sufficient to make out a *prima facie* case in favor of appellees. Appellant offered no proof in rebuttal of appellees' *prima facie* case. If the bill had simply alleged title in appellant, the nature of which was unknown to the complainant but which was subsequent to appellees' rights, it would have been sufficient, and would have rendered it necessary for appellant to set forth the nature and character of his interest and prove the same, and if he failed to do so his claim would have been barred. *Kehm* v. *Mott,* 187 Ill. 519.

It is next insisted that the exhibits offered in evidence before the master were withdrawn from the files, and the court had no right to enter a decree upon the master's report without the original exhibits, upon which the finding was based, being on record. We have diligently searched the record for any proof of this contention and fail to find it. In the ninth finding of the master's report he recommends that complainant's solicitor have leave to withdraw all exhibits, but there is nothing in the record to show that that recommendation was allowed by the court or acted upon by complainant's solicitor. We have also been unable to find any objection made by appellant to such action of complainant's solicitor, even if he did withdraw the exhibits. It certainly will not be contended that appellant could be permitted to sit by and see the court do things which he claims to be injurious to him and make no objection, and then, upon appeal, assign these same acts as error and have the decree reversed on that ground. If the exhibits were in fact withdrawn and appellant was injured thereby he should have made his objections known to the court, demanded a ruling and preserved proper exceptions thereto. He would then have been entitled to take advantage, on appeal, of such error, but not otherwise.

It is finally insisted that the solicitor's fee of $200 allowed was $50 in excess of the usual and reasonable fee. The trust deed provided for a solicitor's fee of $200. Evidence was offered to show that that was a resonable fee, and no evidence was offered to show that it was not.

We find no reversible error, and the decree of the Appellate Court will be affirmed.

*Decree affirmed.*