(*Probate Court of Cook County.*)

## Frederick H. Wachsmuth and Louis Wachsmuth, Executors of the Last Will and Testament of Henry, F. Wachsmuth, Deceased.
### vs.
### Penn Mutual Life Insurance Co., et al.

(1907.)

1. ADMINISTRATION OF ESTATES—MORTGAGE OF REAL ESTATE BY EXECUTORS—CREDITORS IN PROBATE PROCEEDINGS—PRIORITIES. A mortgage on the real estate of the deceased executed by the executors and securing their note is subject not only to the rights of such claimants as have proved their claims in the

23

pending probate proceedings, but also to the rights of all claimants who may thereafter prove claims due to them severally.

2. JUDGMENTS—FORMER ADJUDICATION—WHAT NOT. Unless the adjudication which is sought to be set up in bar is one in which the question involved in the proceeding in which it is plead, was in fact adjudicated or might have been adjudicated, it is no bar.

3. ADMINISTRATION OF ESTATES—FORECLOSURE OF MORTGAGE GIVEN BY DEVISEE—RIGHTS OF CREDITORS OF DECEASED PARTIES. The rights of the creditors of a testate deceased in his real estate cannot in any way be affected by proceedings which have their inception in a mortgage given by the devisee after the death of the testator; hence neither such creditors nor the deceased executors are proper parties to such a proceeding.

4. SAME WHEN NOT RES ADJUDICATA AS TO EXECUTORS. Even though the executors were proper parties to the foreclosure proceedings they were not bound by the decree in those proceedings in the failure therein to specifically attack their paramount right.

5. MORTGAGES—SUBROGATION OF NEW MORTGAGEE TO RIGHTS OF OLD, WHAT NECESSARY. In order to subrogate a mortgagee to the rights of a prior one there must be some privity between not only the mortgagor and the mortgagee but between the mortgagor, mortgagee and original lienor so that the new lien is taken in substitution for the old and the proceeds of the new applied to the payment of the old.

Petition to sell real estate to pay debts. Heard before Judge Charles S. Cutting. The facts are stated in the opinion of the court.

*William Garnett,* for petitioners.

*Moran, Mayer & Meyer,* for American Trust and Savings Bank.

*Ashcraft & Ashcraft,* for respondent, Penn Mutual Life Insurance Company.

CUTTING, J.:—

This is a petition for the sale of real estate to pay the debts of the decedent founded upon a certain just and true account filed in this court on the 12th day of December, 1905, from which it appears that the total indebtedness of said estate consisted of the following items:

Claim allowed Amelia Hartman, Jan. 16, 1901 . . $    400.00
Claim allowed T. C. Brown, April 9, 1901 . . . . . .    290.00
Claim allowed American Trust & Savings Bank,
     March 20, 1902 . . . . . . . . . . . . . . . . . . . . . . . . .  10,258.33
Interest on said last claim from date of allowance
     to date of said just and true account . . . . . . . .   1,902.00
Making a total of debts of said deceased $12,850.33.

It also appears that there were certain personal assets of the decedent amounting to $5,595.08, leaving a deficiency of personal property to pay debts of $7,254.25 at the date of said account.

The executors' petition for the sale of real estate to pay said deficiency was filed April 7th, 1906. To this petition the heirs, devisees and legatees under the will of Henry F. Wachsmuth together with the grantees of said heirs and legatees and all parties in possession of the real estate were made parties defendant. The petition alleges that the decedent at the time of his death was the owner of and died seized in fee simple of several tracts or parcels of real estate situated in Cook county, Illinois, one of which parcels of land is described as lots 22 and 23 in block 2 in the circuit court petition, of the S. E. quarter of sec. 3, T. 38, N. R. 14 east of the 3rd P. M. in Chicago, Cook county, Illinois, and known as numbers 461 and 463 East 47th street. The petition further alleges that at the time of the death of the decedent, said last described property was subject to a trust deed made by decedent to Edgar M. Snow, dated April 15th, 1896, securing the payment of $11,000 by said Henry F. Wachsmuth, but further alleges that since the death of said Henry F. Wachsmuth, said trust deed has been released and said note cancelled, and that the Penn Mutual Life Insurance Company, Bernard Baumgarden and Henry F. West, trustee, have or claim to have some interest in the premises, which interest, if any, is subject and subordinate to the rights of the executors and of the creditors whose claims remain unpaid. As to this last described property only, the Penn Mutual Life Insurance Company defends and says, that the petitioners ought not to have and maintain

their action for the sale of said premises, being a part of the premises described in said petition, because, they say, that in and by his last will and testament the said decedent Henry F. Wachsmuth gave, devised and bequeathed unto one of the petitioners, his son, Louis C. Wachsmuth, the said last described premises; that said Louis C. Wachsmuth on the 25th day of February, 1901, was fully seized of all title to said premises and in possession thereof and being so seized, made, executed and delivered his certain promissory note payable to his own order and by him endorsed and delivered, for the sum of $15,000, payable five years after date with interest at five per cent, and to secure the payment of said note and interest thereon, he, together with his wife, made, executed and delivered to Francis B. Peabody, trustee, a certain trust deed fully describing the premises last aforesaid, which trust deed was recorded on the 25th day of February, 1901, in the recorder's office of Cook county, Illinois; alleges that said trust deed provides that in case of breach of any of the covenants or conditions therein contained, the legal holder or owner of said note might declare said note due and foreclose said trust deed, whether the same was due by its terms or not.   Said defendant further alleges in his plea that on the 31st day of January, 1903, more than two years after the issuing of letters testamentary aforesaid, and after the filing and allowing of all of the supposed claims and indebtedness, for which the alleged deficiency of personal property to pay debts in said petition arises, said defendant filed and exhibited in the superior court of Cook county, Illinois, its bill of complaint against the said Louis C. Wachsmuth and R. Mai Wachsmuth, his wife, and "against said Louis C. Wachsmuth and Frederick H. Wachsmuth, petitioners herein as executors of the last will and testament of Henry F. Wachsmuth, deceased" *et al.,* to foreclose the trust deed of Louis C. Wachsmuth and wife to Francis B. Peabody, trustee, in which bill of complaint the defendant alleged said indebtedness of $15,000 evidenced by said promissory note five years after date with interest at five per cent, and the execution and delivery of said trust deed to

said Peabody to secure the same. That said defendant was then and there the legal holder of said note and trust deed, that default was made in payment of one of the installments of interest on said note, that it was provided that in case of such default the holder of said note might declare the same to be at once due and payable without notice and foreclose said trust deed for payment thereof with interest and solicitors' fees, etc.; alleges that there had been such default, that the legal holder had declared the whole of said notes due and payable, and that said petitioners as executors under said last will and testament, who were parties defendant, had or claimed to have some interest in said premises or some part thereof as "purchasers, mortgagees, judgment creditors or otherwise which interest, if any, had accrued subject to the lien of defendant's said trust deed and was subject and inferior thereto." Defendant further alleges the issuing of summons, and due service thereof upon the defendants thereto, petitioners here, and that thereafter said bill of complaint was taken as confessed against Frederick H. Wachsmuth as one of the executors of the last will and testament of Henry F. Wachsmuth, deceased, and upon the answer of Louis C. Wachsmuth, both individually and as one of the executors of the last will and testament of Henry F. Wachsmuth, and the report of the master in chancery, it was found by the superior court and adjudged and decreed by it that Louis C. Wachsmuth and wife executed said deed of trust, was indebted upon said promissory note for the full amount thereof with interest, etc., and that said defendant had a first lien on the premises hereinbefore, and in said trust deed, described. That payment was not made of the amount decreed to be paid, and that thereafter, the master in chancery, after advertising according to law, sold said premises for the sum of $17,004.75; that said master issued his certificate of sale and the report thereof was duly approved by the superior court of Cook county; that there was no redemption from said sale as provided by law and that on the 20th day of October, 1904, said master conveyed to this defendant the premises last aforesaid

in fee simple, free and clear of all the supposed lien or claims of the defendant thereto, and of the right of the petitioners herein as executors of the last will and testament of Henry F. Wachsmuth to sell the same or any portion thereof to pay the debts of said Henry F. Wachsmuth, deceased.

This is a pure plea of *res adjudicata,* and if effectual is a perpetual bar to the sale of any portion of the premises therein described for the payment of the debts of Henry F. Wachsmuth, deceased.

It will be noted that at the time of the giving of the trust deed by Louis C. Wachsmuth and wife to Peabody, trustee, that the will of Henry F. Wachsmuth had been filed and probated in the probate court of Cook county, that one of the claims which forms the basis for the sale of real estate in this proceeding had been duly allowed, while the others, and by far the greater claims in amount, were not allowed in this court until after the execution of said mortgage. The purchaser of said note for $15,000 therefore had notice, not only that probate proceedings were pending, but that at least one claim had been allowed before the execution and recording of the trust deed foreclosed in the superior court, and there can be no doubt that in law at that time, the rights of the trustee and the holder of the note were subject, not only to the rights of such claimants as had proved their claims but to the rights of all claimants who might thereafter in due course of administration, prove claims due to them severally.

This proposition is not disputed seriously but it is claimed that by the foreclosure of this trust deed given by a devisee under the last will and testament of Henry F. Wachsmuth, claims duly proven and allowed against the said estate are barred as to this particular property, because the executors were at a later date, made parties defendant to the foreclosure of such trust deed given by the devisee and that there was in the decree of the superior court forclosing said trust deed the finding that the Penn Mutual Life Insurance Company, whose plea is under consideration, had a first lien on the premises described in said decree. It is insisted that

this is a finding of priority which the court has jurisdiction to make, and that having made such finding, no matter how erroneous, from which no appeal was taken or writ of error prosecuted, that it is binding upon the executors and also upon the creditors of the estate of Henry F. Wachsmuth, because they in such proceeding were necessarily represented by said executors. It is conceded that the superior court is a court of general jurisdiction, and for the purpose of this opinion, it may be conceded that in contemplation of law, the superior court is a circuit court, and that a petition for the sale of real estate to pay debts might have been filed in the superior court, as well as in the circuit or probate courts. I am, however, wholly unable to agree with counsel for defendant, in his claim that this decree of foreclosure is, as to this proceeding in this court *res adjudicata* so as to bar the rights of the creditors of Henry F. Wachsmuth. It is needless here to go into any exposition of the law relating to former adjudication, but it is enough to say, and I think the position is sustained by the authorities, that unless the adjudication which is sought to be set up in bar is one in which the question involved in the proceeding which it is plead, was in fact adjudicated or might have been adjudicated, it is no bar. No case is cited by counsel on either side which is directly in point. I have been cited to no case and have been unable, after diligent search, to find any case in which executors, during the period of administration, have been barred from selling real estate to pay debts because they were made defendants to and defaulted in a proceeding to foreclose a trust deed in the nature of a mortgage given by a devisee under the will through which they take title to their offices. The complainants in a bill to foreclose a mortgage given by a devisee in a will under which the executors are acting, could scarcely expect to litigate the question of priority in time as between themselves. The rights of the executors who claim through the ancestor, and directly from him, are necessarily from the very statement of the case, prior in time to those of the grantee of the devisee, so that an adjudication by any court

that the rights of the devisee were prior in time to those of the creditors of the deceased, would much resemble an adjudication that two and two make five or that 1906 is a later date than 1907. The equities, however, of an incumbrancer holding under deed from a devisee might be superior, possibly, to the alleged claims of the executors or their privies, but if that question is to be determined in a proceeding to foreclose a mortgage, it necessarily injects into the foreclosure proceeding an absolutely alien controversy; the whole probate of the estate would necessarily be involved if the executors answered to the bill to foreclose that they had been appointed executors and that there might be claims filed, the amount of which they did not know because the period of administration had not yet expired, and there could be no adjudication unless the superior court chose to take, by reason of this fact, the entire administration of the estate, which would not do and never has done under such circumstances. As was said in *Sutton v. Reed,* 176 Ill. 70, in speaking of a partition suit commenced while the estate of the ancestor was pending in probate, and it was sought to plead the decree in partition in bar of a claim filed in probate: "no question concerning the administration of the estate of Olivia Reed was raised or determined in that suit. The administration of that estate was then properly pending in the county court and the circuit court was not the proper forum to determine questions of the allowance of claims, and passing upon the accounts of the administrator." In a later case, *Crane v. Stafford,* 217 Ill. 22, also a case in partition, the master sought to allow certain claims which were due from the ancestor to his creditors and to pay them out of the proceeds of the sale of the real estate. The supreme court said "such claims are properly cognizable in a court of probate having jurisdiction of the matter of the administration of the estate of the deceased, but it was erroneous to allow them to be presented before the master in chancery and to decree that they be paid by that official out of the proceeds of the sale of land." Yet, if the executors sought in a foreclosure proceeding to set up their rights so that the

court could determine that their equities were superior to those of the mortgagee, that court must go into that question; it must determine the condition of the personal estate of the decedent, whether or not there was a deficiency so that a sale of real estate would be necessary to pay debts and determine all the other questions which would arise on a petition filed for that particular purpose. It would mean that the mortgagee could, by filing his bill to foreclose a mortgage, force the executors into what would in effect be a cross-bill for the sale of real estate to pay debts, because otherwise there could be no adjudication of the relative equities; the mortgagee, and not the executors, then, would select the forum and the time for the filing of such petition to sell real estate to pay debts. The adjudication of the probate court as to the allowance of claims is not final in the first instance except as to the personalty. *Ward v. Durham,* 134 Ill. 195; *Hopkins v. McCann,* 19 Ill. 113; *Moline Water Power Co. v. Webster,* 26 Ill. 233.

It is perfectly well settled that on a petition to sell real estate to pay debts, the heirs may contest the allowance of the claims, and the executors (or the claimants acting through them) must reprove their claims to bind the realty; so that if in the foreclosure proceedings the heirs deny the validity of the allowance of the claims in the probate court, the circuit court in this forclosure matter would be obliged to take up and adjudicate each of the separate claims which constituted a part of the just and true account which must precede a petition to sell real estate to pay debts, thus creating numberless issues which are wholly foreign to a proceeding to foreclose and not cognizable therein. Not only that, but if the executors should attempt to assert their rights to this real estate at the time of the foreclosure, and the proceeds were not sufficient to pay the debts, the question of pro-rating between the several pieces of real estate, some of them included in the mortgage foreclosure and some not, would necessarily arise, since it would be quite inequitable to pay all of the debts out of one of the pieces of real estate when the several pieces were devised to different individuals, as in this case.

This would require the summoning of all the other devisees who are not interested directly in the foreclosure and would create still another issue wholly foreign to the foreclosure of the mortgage. But if 'the proceeding should eventuate in decree and all these issues should be determined, giving all these conflicting individuals their rights in the premises and determining just how much of the proceeds should be taken for the payment of debts, the full remedy to which the executors are entitled, as a matter of right, would be lost because a sale in foreclosure is always a sale with the right of redemption for a period of fifteen months, whereas the sale of property for the payment of debts is a sale without redemption, the purchaser immediately becoming owner thereof. It is needless to say that the rights of creditors are much better protected through a sale without redemption than through a sale with one. The plea shows that no issue was ever tried as between the executors and the mortgagees as to the rights of the claimants against the estate of the deceased. The sole claim for *res adjudicata* is founded upon the usual finding in default cases that the rights of the complainants are superior and prior to those of the defendants. A defendant ought not to be barred by an adverse finding in a proceeding in which his rights to the fullest extent could not be litigated.

It is a well settled principle of equity jurisprudence that one who claims rights in premises sought to be foreclosed, which are adverse to the title of the mortgagor and prior to that of the mortgagee cannot be made a party defendant and compelled to litigate his adverse title in such foreclosure proceedings. *Eagle Fire Co. v. Lent,* 6 Paige, 637; *Corning v. Smith,* 6 N. Y. 82; *Gage v. Perry,* 93 Ill. 176.

It is true that the usual application of this principle is found in that class of cases where adverse legal titles are involved, the reason for the rule being sometimes given that the legal titles should be determined at law and sometimes that the interests of the third parties being adverse to both mortgagor and mortgagee and their privies, the controversy as to such third parties is in no sense germane to the foreclosure. In the case at bar, the claimants against the deceased estate

who are the real parties to the proceeding have interests which are both adverse and necessarily superior to the rights of the devisee mortgagor. Hence, the application of the principle of the cases cited. Why should their claims against the deceased be brought into a proceeding which cannot, from the very nature of things either affect or declare their rights? In other words, the rights of the creditors of the testate deceased cannot be affected in any way by proceedings which have their inception in a mortgage given by the devisee after the death of the testator, and hence neither such creditors nor the deceased's executors are proper parties to such proceeding.

But it is insisted that though not necessary parties, the executors are proper parties to the foreclosure.

While the cases are not uniform in their holdings, a long and well recognized line of decisions holds that even in the case of the foreclosure of a second mortgage, the finding in the decree that the second mortgagee has a first lien is not binding upon the first mortgagee though a party defendant, unless there are allegations in the bill which specifically attack the paramount right of the first mortgagee. It is further held that the usual allegation in the bill that "the defendants have or claim to have some interest in the premises, but that such interests, if any, accrued subsequent to the time of complainants' mortgage and are inferior thereto" or any equivalent allegations, is not such an attack as will require the first mortgagor to answer, or support a decree by default as a bar to a subsequent bill to foreclose the first mortgage.

The holding is direct that such a decree, finding that a *second* mortgage is a *first* lien, is not *res adjudicata* as to the priority of the mortgages. The only holding directly in point on this proposition in this state is *Foval v. Benton*, 48 App. 638, which is cited with apparent approval in *Hibernian Bkg. Ass'n v. Law*, 88 Ill. App. 18, but in other states there are many cases of like holding. *Lewis v. Smith*, 9 N. Y. 502; *Strobe v. Downer*, 13 Wis. 10; *Puzzel v. Still*, 63 Vt. 490; *Bowne v. Page*, 2 Tyler, 393. Jones on Mortgages, 6 Ed., Sec. 1439, and many cases there cited.

With how much greater force does the reasoning of those

cases apply when the superior lien, instead of being one easy to ascertain, evidenced by a written contract of record and due at a specific date as in case of mortgage, is in process of determination in a court of competent juris- diction, dependent upon complicated accounts, it may be upon the settlement of which and the determination of wheth- er there is sufficient personalty to pay them, the very existence of the superior lien depends.

In the case of the mortgage the ascertainment of the lien is usually a matter of computation only, as in the cases cited, *supra,* while in the matter of the lien of the debts of the tes- tator a practically complete probate of his estate is necessary before it can be determined whether there will be such lien or the amount thereof.

Perhaps the case nearest in point is *Emigrant Savings Bank v. Goldman,* 75 N. Y. 127, which involved the question as to whether the holder of a prior mechanic's lien, who was made a party defendant to the foreclosure of a subsequent mortgage under the usual formal allegation that the defend- ants have some rights which are subordinate to those of com- plainants, is barred by decree finding that complainant has first lien on property. The New York court of appeals said: "His claim was prior to the mortgage of plaintiff and he had a superior legal right to payment from the premises. It is settled that the only proper parties to a bill to foreclose so far as mere legal rights are concerned are the mortgagor and mort- gagee and those who have acquired rights under them subse- quent to the mortgagee (*Eagle F. Ins. Co. v. Lent,* 6 Paige, 635; *Bk. of Orleans v. Flagg,* 3 Barb. Chy. R. 318) and these parties only are affected by the judgment."

The court holds that the decree as to the prior lien holder is not *res adjudicata,* even though he was a party defendant and the decree seems to determine the priority of the liens.

In view of the authorities I must find that it is doubtful whether the executors were even proper parties to the fore- closure suit, but in any event under the pleadings they are not bound by the decree. In this view of the case it is quite

unnecessary to determine whether the executors so represent creditors of the estate, that such creditors are prevented from asserting their rights by reason of the failure of the executor to present their claims in the foreclosure suit.

I might add that I have received from counsel for the defendant, the citation of two cases: *Kehm v. Mott,* 187 Ill. 519; *Rohrhof v. Schmidt,* 218 Ill. 585. The language in the first of these taken by itself and away from the context seems to be directly in point and to sustain the controversy of the defendant, but a careful reading of the case shows that it applies only to a condition of things in no way like that at bar. The language of the court in that case was not necessary for the determination of the issues there made, is largely *obiter* and is not applicable specifically to the conditions that surrounded that case. The case of *Rohrhof v. Schmidt* is one in which the question was really not involved.

On the question of subrogation, which is raised, not by this plea, but by the answer, the question must, it seems to me, be a question of fact. If the facts are such as are stated in the case of *Bouton v. Cameron,* 205 Ill. 59, there can be no subrogation. In other words, the defendant must bring itself within the rule which is laid down in *Tyrrell v. Ward,* 102 Ill. 29, and cases which follow that case, namely: that there must be some privity between not only the mortgagor and the mortgagee, but between the mortgagor, mortgagee and the original lienor, so that this new lien is to be taken in substitution for the old and the proceeds of the new applied to the payment of the old. Where, however, the new mortgagee is a mere volunteer who has no relation to the original mortgagee, he cannot ask to be subrogated to the rights of such mortgagee. If, then, that is the case in this instance, I shall have to find, as a matter of fact, that there was no subrogation.

This, I think, disposes of all the matters connected with the case, except possibly the one which is disposed of inferentially, and that is that the answer in this case overrules the plea. I do not think it does. The two things, in my opinion, are distinct, and I have disposed of the plea, as I conceive, upon its merits, holding it insufficient in law.