(No. 24687.—

ELIZA ALLEN, Appellant, *vs.* ROBERT SANDERS, Appellee.

*Opinion filed October 13, 1938.*

D. L. DUTY, for appellant.

H. E. SKINNER, for appellee.

Per CURIAM: On April 27, 1912, the appellant, Eliza Allen, and John W. Allen, her husband, acquired title as tenants in common, to the lot in question. The metes and

bounds description in the deed is of a lot 80 feet by 167.5 feet which is said to be a part of block three (3) "in D. M. Barter's second addition to the city of Marion." The Allens built a five-room house and lived on the premises until 1928, at which time John W. Allen left his wife. She continued to live there until the following year when she locked up the house and went to Springfield, Illinois, where she has been employed ever since. Her husband obtained possession of the property, in some manner, lived there part of the time, rented it to various tenants and, on September 17, 1936, entered into a bond for deed with Robert Sanders, appellee, under which Sanders paid him $350, in cash, gave Allen a note for the balance of $200, and was to pay $15 per month until the $200 was paid. Sanders made three monthly payments to the real estate broker who arranged the sale, and all his remaining payments to the clerk of the circuit court. John W. Allen did not receive any of these installments. The real estate broker testified that he refused to accept further monthly payments and refused to pay to Allen the $45 he had collected for him when the broker learned of appellant's claim. However, he admitted that he gave Sanders an evasive answer when he asked him whether Allen had a wife. This conversation, the broker testified, took place after the bond for deed had been given. Sanders testified that Allen said he had no wife; that the taxes were all paid on the property; that he would make a good and sufficient deed of conveyance when the balance of $200 was paid, and that after appellee learned there was a Mrs. Allen who claimed an interest in the property, Allen told him he still would be ready and able to convey when the payments were completed. Sanders made no investigation of the title, other than to ascertain that the taxes were paid in the year of his purchase.

The description in the bond for deed, received in evidence without objection, is "Lot One (1) in Block Three (3) in Barter's second (2nd) subdivision to the city of Marion,

Illinois." Appellant and appellee both testified that the property was known as number 1008 North Monroe street, in stating where they lived or had lived in Marion.

Mrs. Allen received a warranty deed to the property from her husband and herself on May 10, 1937, in settlement of their property rights. She also received the $200-promissory note which Sanders had given her husband. She said her purpose was to return the note to appellee but this had not been done when this ejectment suit was tried. There is no question that she had notice of Sanders' claim under his bond for deed. She filed this suit in ejectment and claimed title to an undivided half-interest in the premises, in the first count, and the title in fee to all the property, in the second count of her complaint.

Sanders filed his answer and a counter-claim in which he asked that the contract of sale be specifically performed as to the undivided half-interest in the property which had belonged to John W. Allen. He averred that he had filed an action for specific performance in the same court on September 28, 1937, and that he had obtained an order restraining the prosecution of the ejectment suit but that the injunctive order was later stayed by the court, at which time Sanders was given leave to file an amended answer so that the rights of the parties could all be determined in this suit.

In her replication to the answer and counter-claim, appellant asserted that she had committed no fraud, that she was not estopped from maintaining this action and that, since this is an action at law, equitable estoppel could not be pleaded as a defense. The cause was heard by the court without a jury. The court's judgment is not abstracted but the record shows that the court directed appellant to pay appellee $289 within thirty days and, in default of such payment, she was ordered to convey an undivided half-interest in the premises to appellee. Appellant has appealed directly to this court, urging that the former practice of forbidding equitable defenses to ejectment suit still pre-

vails in spite of the Civil Practice act; that appellant's right of homestead should enable her to recover; that a judgment in the alternative is improper in ejectment, and that appellee's sole remedy is an action on his bond for deed.

We have searched the record to find whether these questions were presented to the trial court. No motion was made to dismiss the counter-claim and the single objection to evidence shown by the abstract was made by counsel for appellant and was sustained. Appellant submitted no propositions of law, made no motion for a finding in her favor, did not demur to the evidence and in no way questioned the findings of the court. Therefore, no questions of law have been preserved for review. (*People* v. *May,* 276 Ill. 332; *Regneri* v. *Loesch,* 182 id. 143; *Grand Lodge* v. *Bagley,* 164 id. 340.) Appellant cannot permit the trial court to act without objection and then contend, here, that she was prejudiced. *Rohrhof* v. *Schmidt,* 218 Ill. 585.

The judgment of the circuit court must, therefore, be affirmed.

*Judgment affirmed.*